**In re AMENDMENT TO RULE 39.**

April 29, 1991.

Justice Marshall dissented and filed opinion.

Justice Stevens dissented and filed opinion in which Justice Blackmun joined.

PER CURIAM.

We are ordering an amendment to Rule 39 respecting proceedings *in forma pauperis.*

Filings under our paid docket require a not-insubstantial filing fee, currently $300, and compliance with our printing requirements. See Rules 33 and 38. These rules serve as some disincentive to frivolous paid filings. Furthermore, we have the ability to exercise control over the paid docket under Rule 42.2, which provides for award of "just damages and single or double costs" in the case of a frivolous filing. See *Hatch v. Reliance Ins. Co.,* 474 U.S. 1048, 106 S.Ct. 782, 88 L.Ed.2d 761 (1986); *Hyde v. Van Wormer,* 474 U.S. 992, 106 S.Ct. 403, 88 L.Ed.2d 355 (1985). These controls are not effective with reference to proceedings *in forma pauperis.*

It is vital that the right to file *in forma pauperis* not be incumbered by those who would abuse the integrity of our process by frivolous filings, particularly those few persons whose filings are repetitive with the obvious effect of burdening the office of the Clerk and other members of the Court staff. In order to preserve meaningful access to this Court's resources, and to insure the integrity of our processes, we find it necessary and advisable to promulgate this amendment to Rule 39, to provide us some control over frivolous or malicious *in forma pauperis* filings. Sanctions of damages and costs are ineffective to deter such filings as *in forma pauperis* status is conditioned on an affidavit or declaration that the petitioner is financially unable to pay fees or post security. See 28 U.S.C. § 1915(a) and Supreme Court Rule 39.1. This amendment makes clear that to protect itself from abusive filings the Court may enter orders similar to those entered by the lower federal courts for almost a hundred years pursuant to 28 U.S.C. § 1915(a) and (d), and their

Pub. Note: This per curiam opinion is reprinted from 110 S.Ct. 1572 to make the text of the rule amendment available to F.R.D. subscribers.

predecessors. See Act of July 20, 1892, Section 4, 27 Stat. 252.

The rule applies only to those filings that the Court determines would be denied in any event and permits a disposition of the matter without the Court issuing an order granting leave to proceed *in forma pauperis*.

Rule 39 of the Rules of the Supreme Court of the United States is amended to add the following:

> "39.8 If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis*."

In order to insure adequate notice to all litigants, the Rule will become effective on July 1, 1991.

### Justice MARSHALL, dissenting.

This Court's rules now embrace an invidious distinction. Under the amendment adopted today, an indigent litigant may be denied a disposition on the merits of a petition for certiorari, jurisdictional statement, or petition for an extraordinary writ following a determination that the filing "is frivolous or malicious." Strikingly absent from this Court's rules is any similar provision permitting dismissal of "frivolous or malicious" filings by paying litigants, even though paying litigants are a substantial source of these filings.

This Court once had a great tradition: "All men and women are entitled to their day in Court." * That guarantee has now been conditioned on monetary worth. It now will read: "All men and women are entitled to their day in Court only if they have the *means* and the *money*."

I dissent.

### Justice STEVENS, with whom Justice BLACKMUN joins, dissenting.

In my opinion it is neither necessary nor advisable to promulgate the foregoing Amendment to Rule 39. During my years of service on the Court, I have not detected any significant burden on the Court, or threat to the integrity of its processes, caused by the filing of frivolous petitions. It is usually much easier to decide that a petition should be denied than to decide whether or not it is frivolous. Moreover, the cost of administering the amended rule will probably exceed any tangible administrative saving. Transcending the clerical interest that supports the rule is the symbolic interest in preserving equal access to the Court for both the rich and the poor. I believe the Court makes a serious mistake when it discounts the importance of that interest. I respectfully dissent.

---

\* Our inviolable obligation to treat rich and poor alike is echoed in the oath taken by each Justice prior to assuming office. See, *e.g.*, 389 U.S. ix:
"I ... do solemnly swear that I will administer justice without respect to persons, and *do equal right to the poor and to the rich*, and that I will faithfully and impartially discharge and perform all duties incumbent upon me as Associate Justice of the Supreme Court of the United States according to the best of my abilities and understanding, agreeably to the Constitution and laws of the United States (emphasis added)."