## ZATKO *v.* CALIFORNIA

No. 91–5052.   Decided November 4, 1991*

PER CURIAM.

Last Term, we amended Rule 39 of the Rules of the Supreme Court of the United States to add the following:

> "39.8.   If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis.*"

Because *in forma pauperis* petitioners lack the financial disincentives—filing fees and attorney's fees—that help to

---

*Together with No. 91–5111, *Zatko* v. *United States District Court for the Northern District of California,* No. 91–5166, *Zatko* v. *United States District Court for the Northern District of California,* No. 91–5167, *Zatko* v. *United States,* No. 91–5244, *Martin* v. *Mrvos,* No. 91–5246, *Martin* v. *Smith,* No. 91–5307, *Martin* v. *Delaware Law School of Widener University, Inc.,* No. 91–5331, *Martin* v. *Walmer,* No. 91–5332, *Martin* v. *Townsend,* No. 91–5401, *Martin* v. *Supreme Court of New Jersey,* No. 91–5416, *Zatko* v. *California,* No. 91–5476, *Martin* v. *Bar of the District of Columbia Court of Appeals,* No. 91–5583, *Martin* v. *Huyett,* No. 91–5594, *Zatko* v. *United States District Court for the Northern District of California,* No. 91–5692, *Zatko* v. *United States District Court for the Northern District of California,* No. 91–5730, *Zatko* v. *California,* and No. 91–5732, *Zatko* v. *California,* also on motion for leave to proceed *in forma pauperis.*

deter other litigants from filing frivolous petitions, we felt such a Rule change was necessary to provide us some control over the *in forma pauperis* docket. In ordering the amendment, we sought to discourage frivolous and malicious *in forma pauperis* filings, "particularly [from] those few persons whose filings are repetitive with the obvious effect of burdening the office of the Clerk and other members of the Court staff." *In re Amendment to Rule 39*, 500 U. S. 13 (1991).

Today, we invoke Rule 39.8 for the first time, and deny *in forma pauperis* status to petitioners Vladimir Zatko and James L. Martin. We do not do so casually, however. We deny leave to proceed *in forma pauperis* only with respect to two petitioners who have repeatedly abused the integrity of our process through frequent frivolous filings. Over the last 10 years, Zatko has filed 73 petitions in this Court; 34 of those filings have come within the last 2 years. Martin has been only slightly less prolific over the same 10-year period and has filed over 45 petitions, 15 of them within the last 2 years. In each of their filings up to this point, we have permitted Zatko and Martin to proceed *in forma pauperis*, and we have denied their petitions without recorded dissent. However, this Court's goal of fairly dispensing justice "is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous requests" such as these. *In re Sindram*, 498 U. S. 177, 179–180 (1991). We conclude that the pattern of repetitious filing on the part of Zatko and Martin has resulted in an extreme abuse of the system. In the hope that our action will deter future similar frivolous practices, we deny Zatko and Martin leave to proceed *in forma pauperis* in these cases.

The dissent complains that, by invoking this Rule against Zatko and Martin, we appear to ignore our duty to provide equal access to justice for both the rich and the poor. The message we hope to send is quite the opposite, however. In order to advance the interests of justice, the Court's general

practice is to waive all filing fees and costs for indigent individuals, whether or not the petitions those individuals file are frivolous. As the dissent recognizes, for example, well over half of the numerous *in forma pauperis* petitions filed since the beginning of this Term are best characterized as frivolous. It is important to observe that we have not applied Rule 39.8 to those frivolous petitions, although the Rule might technically apply to them. Instead, we have denied those petitions in the usual manner, underscoring our commitment to hearing the claims, however meritless, of the poor. But "[i]t is vital that the right to file *in forma pauperis* not be incumbered by those who would abuse the integrity of our process by frivolous filings." *In re Amendment to Rule 39, supra,* at 13. For that reason we take the limited step of censuring two petitioners who are unique—not merely among those who seek to file *in forma pauperis,* but also among those who have paid the required filing fees—because they have repeatedly made totally frivolous demands on the Court's limited resources.

To discourage abusive tactics that actually hinder us from providing equal access to justice for all, we therefore deny leave to proceed *in forma pauperis* in these cases, pursuant to Rule 39.8. Accordingly, petitioners are allowed until November 25, 1991, within which to pay the docketing fee required by Rule 38 and to submit petitions in compliance with Rule 33 of the Rules of this Court. Future similar filings from these petitioners will merit additional measures.

*It is so ordered.*

JUSTICE THOMAS took no part in the consideration or decision of these motions.

JUSTICE STEVENS, with whom JUSTICE BLACKMUN joins, dissenting.

Last Term, over the dissent of three Justices, the Court amended its Rule 39 for the "vital" purpose of protecting

"the integrity of our process" from those indigent petitioners who file frivolous petitions for certiorari.[1] Since the amended Rule became effective on July 1, 1991, indigent litigants have filed almost 1,000 petitions, which this Court has denied without pausing to determine whether they were frivolous within the meaning of Rule 39. In my judgment, well over half of these petitions could have been characterized as frivolous. Nevertheless, under procedures that have been in place for many years, the petitions were denied in the usual manner. The "integrity of our process" was not compromised in the slightest by the Court's refusal to spend valuable time deciding whether to enforce Rule 39 against so many indigent petitioners.

The Court has applied a different procedure to the petitioners in these cases. Their multiple filings have enabled the Court to single them out as candidates for enforcement of the amended Rule. As a result, the order in their cases denies leave to proceed *in forma pauperis* pursuant to Rule 39.8, rather than simply denying certiorari. The practical effect of such an order is the same as a simple denial.[2] However, the symbolic effect of the Court's effort to draw distinctions among the multitude of frivolous petitions—none of which will be granted in any event—is powerful. Although the Court may have intended to send a message about the

---

[1] *In re Amendment to Rule 39,* 500 U. S. 13, 14 (1991). The amended Rule, Rule 39.8 of the Rules of the Supreme Court of the United States, provides as follows:

"If satisfied that a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ, as the case may be, is frivolous or malicious, the Court may deny a motion for leave to proceed *in forma pauperis.*"

[2] In the past, I have noted that the work of the Court is "facilitated by the practice of simply denying certiorari once a determination is made that there is no merit to the petitioner's claim," rather than determining whether "the form of the order should be a denial or a dismissal" in cases of questionable jurisdiction. *Davis* v. *Jacobs,* 454 U. S. 911, 914–915 (1981) (opinion respecting denial of petitions for writs of certiorari).

need for the orderly administration of justice and respect for the judicial process, the message that it actually conveys is that the Court does not have an overriding concern about equal access to justice for both the rich and the poor.[3]

By its action today, the Court places yet another barrier in the way of indigent petitioners.[4]   By branding these petitioners under Rule 39.8, the Court increases the chances that their future petitions, which may very well contain a colorable claim, will not be evaluated with the attention they deserve.

Because I believe the Court has little to gain and much to lose by applying Rule 39.8 as it does today, I would deny certiorari in these cases, and will so vote in similar cases in the future.

---

[3] "Our longstanding tradition of leaving our door open to all classes of litigants is a proud and decent one worth maintaining.   See *Talamini* v. *Allstate Ins. Co.*, 470 U. S. 1067, 1070 (1985) (STEVENS, J., concurring)." *In re Sindram*, 498 U. S. 177, 182 (1991) (Marshall, J., dissenting, joined by BLACKMUN and STEVENS, JJ.).

[4] "And with each barrier that it places in the way of indigent litigants, . . . the Court can only reinforce in the hearts and minds of our society's less fortunate members the unsettling message that their pleas are not welcome here."   *In re Demos*, 500 U. S. 16, 19 (1991) (Marshall, J., dissenting, joined by BLACKMUN and STEVENS, JJ.).