953 F.2d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert ANDRISANI, Plaintiff-Appellant,
v.
Miriam A. VOGEL, Defendant-Appellee.
 No. 89-55745.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1992.*
Decided Feb. 6, 1992.
 
 Before WALLACE, Chief Judge, and JAMES R. BROWNING and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Andrisani appeals the district court's order denying him leave to file his complaint without prepayment of the filing fees on the ground his suit was patently frivolous. We have jurisdiction pursuant to 28 U.S.C. § 1291. See Roberts v. United States District Court, 339 U.S. 844, 845 (1950) (denial by district judge of motion to proceed in forma pauperis is appealable order).
 
 
 3
 A district judge may deny an indigent litigant's application to file suit without first paying filing fees when his complaint is frivolous. See Zatko v. California, 112 S.Ct. 355, 356 (1991) (Supreme Court rule under which Court may deny motion for leave to proceed in forma pauperis if Court is satisfied petition is frivolous is necessary because " '[i]t is vital that the right to file in forma pauperis not be [e]ncumbered by those who would abuse the integrity of our process by frivolous filings' ").
 
 
 4
 Andrisani's complaint alleged that Los Angeles County Superior Court Judge Miriam Vogel ("act[ing] together" with First Western Development Corporation (First Western); First Western's counsel, Robin Mims of the law firm MacArthur & Uribe; MacArthur & Uribe; the law firm Paul, Hastings, Janofsky & Walker, whose role in this matter is unclear on the record before us, and unnamed Does 1 through 100) falsely imprisoned him, convicted him of fraud without due process, sanctioned him $2,245 in violation of the equal protection clause, did not disqualify herself although she had a conflict of interest, and caused him emotional distress, for all of which he asked one million dollars in damages.
 
 
 5
 The complaint was based on Judge Vogel's order of June 6, 1989, in an unlawful detainer case in which First Western was plaintiff and Andrisani, defendant. Judge Vogel granted First Western's post-judgment motion for sanctions against Andrisani, ordering Andrisani to pay $2,245 to First Western for the reasonable fees it incurred because of Andrisani's continuing frivolous conduct. Judge Vogel found that Andrisani's "offering [of] false documents constitute[d] bad faith conduct" under Cal.Civ.Proc.Code § 128.5. Further, noting that Andrisani had been warned previously that his disagreement with her judgment in the unlawful detainer case should be asserted in an appeal, Judge Vogel ordered that any of his further filings in the Superior Court other than in pursuit of an appeal would be deemed a violation of her order and subject to punishment as contempt.
 
 
 6
 As the United States Supreme Court recently reaffirmed, judges are immune from suit for money damages even in cases in which they are accused of acting maliciously and corruptly. Mireles v. Waco, 112 S.Ct. 286, 288 (1991). Judges are liable only for actions not taken in their judicial capacity or taken in the complete absence of all jurisdiction. Id. Judge Vogel's order clearly was made in her judicial capacity and she obviously had jurisdiction over the case before her. A suit for damages on the basis of her order awarding sanctions against Andrisani and threatening to hold him in contempt if he filed more documents seeking non-appellate redress is therefore frivolous. The district court did not err in denying Andrisani leave to file the complaint without first paying filing fees.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3