GERARD MENDONCA
v.
TIDEWATER INC.
GERARD MENDONCA
v.
TIDEWATER INC.
Consolidated With: Nos. 2008-CA-0264, 2008-C-0894
Court of Appeals of Louisiana, Fourth Circuit.
November 5, 2008.
Not Designated for Publication
GERARD MENDONCA, IN PROPER PERSON, Plaintiff/Appellant.
WALTER W. CHRISTY, CHRISTOPHER E. MOORE, CHRISTINE M. WHITE, COATS/ROSE, A P.C., Counsel for Defendant/Appellee.
Court composed of Judges JONES, BAGNERIS, Sr., and KIRBY.
Judge DENNIS R. BAGNERIS, Sr.
The Appellant, Gerard Mendonca, filed with the district court a petition to annul a judgment in favor of the Appellee, Tidewater Inc., granting its Motion for Summary Judgment. Mr. Mendonca now appeals the judgment of the district court granting Tidewater Inc.'s exception of prescription and no cause of action. We affirm.
Per Order of this Court dated August 13th, 2008, this appeal has been consolidated with writ #2008-C-0894, discussed infra. As to the writ, Mr. Mendonca presents this Court with seven assignments of error, two of which beg the question as to whether his application for supervisory writ should be consolidated with the instant appeal and whether the writ should be converted into an appeal. The other five assignments of error are repetitive to those in this instant appeal. For these reasons, we dismiss the writ.
Mr. Mendonca, a citizen of India currently residing in Australia, brought suit against Tidewater alleging that he was an employee of Tidewater and that Tidewater wrongfully discharged him due to race discrimination, retaliation for whistle-blowing, breach of contract, and/or negligence or intentional tort, all in violation of Louisiana law.[1]
This case consists of a lengthy procedural history involving various legal issues that have been ruled upon by this Court and the Supreme Court. Mr. Mendonca started out filing various claims against Tidewater in the Eastern District of Louisiana, all of which were dismissed. The final judgment of the district court dismisses Mr. Mendonca's suit per summary judgment in favor of Tidewater. Mr. Mendonca filed a petition to annul that final judgment claiming fraud, ill practices and arguing that Al Wasl Marine Ltd. (Tidewater's successor) was never a party to the case. Mr. Mendonca presents this Court with eight assignments of error which, with all due respect, this Court finds confusing. Further, the judgment of the district court attached to Mr. Mendonca's brief consists of three decrees: the granting of a Motion for Summary Judgment in favor of the Appellees; the denial of Mr. Mendonca's Motion to Compel; and the rendering of Al Wasl Marine's Motion for Reconsideration moot. For the sake of judicial economy, considering Mr. Mendonca is a pro se litigant and because there was no Motion to Dismiss the Appeal filed by the Appellee, this Court delivers the brief opinion below and renders judgment.
We believe that the sole issue on appeal is whether the district court erred in granting Tidewater's peremptory exceptions of prescription and no cause of action thus dismissing Mr. Mendonca's Motion for Summary Judgment. However, we also recognize that Mr. Mendonca's arguments are repetitive. Mr. Mendonca asserts that the district court judgment should be annulled for vices of form under LSA C.C.P. art 2002A(2) and for vices of substance under LSA C.C.P. art. 2004(A).
LSA-C.C.P. Art. 2002, Annulment for vices of form; time for action, provides:
A. A final judgment shall be annulled if it is rendered:
(1) Against an incompetent person not represented as required by law.
(2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken.
(3) By a court which does not have jurisdiction over the subject matter of the suit.
B. Except as otherwise provided in Article 2003, an action to annul a judgment on the grounds listed in this Article may be brought at any time.
LSA-C.C.P. Art. 2005, Annulment of judgments; effect of appeal, provides:
A judgment may be annulled prior to or pending an appeal therefrom, or after the delays for appealing have elapsed.
A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
An action of nullity does not affect the right to appeal.
The district court best explained in its Reasons for Judgment why Mr. Mendonca failed to prove his case:
The Court has considerable doubt that the acts alleged by Plaintiff would constitute fraud or ill practices within the meaning and the intent of La. C.C.P. art. 2004A. Assuming that such alleged acts would constitute fraud or ill practices, it is clear that Plaintiff discovered such practices well over a year prior to his filing his Petition to Annul on July 30, 2007. In fact, Plaintiff urged these same grounds in his original supplemental and amending motions for new trial and motions to annul judgment filed in the Court in February of 2005. Plaintiff thereafter urged these same grounds in pleadings filed with Fourth Circuit Court of Appeal and the Louisiana Supreme Court. There can be no doubt that more than a year elapsed since Plaintiff "discovered" the practices upon which he bases his petition to annul judgment.
...The grounds Plaintiff urges in his petition for nullity clearly appear in the record of appeal and were argued by Plaintiff to the appellate courts.
...In addition, the failure to join Al Wasl Marine as a defendant does not affect the validity of this Court's summary judgment.
There is no merit to Mr. Mendonca's arguments and this Court has dismissed Mr. Mendonca's claims in the past.[2]

Decree
For the reasons stated above, we dismiss Gerard Mendonca's writ application and affirm the judgment of the district court on appeal.
WRIT DISMISSED; AFFIRMED
NOTES
[1] For a more detailed description of the factual and procedural history of this case, see Mendonca v. Tidewater Inc., XXXX-XXXX (La. App. 4 Cir. 12/17/03), 862 So. 2d 505.
[2] Mendonca v. Tidewater Inc., XXXX-XXXX (La. App. 4 Cir. 12/17/03), 862 So. 2d 505 and Mendonca v. Tidewater Inc., XXXX-XXXX (La.App. 4 Cir. 5/31/06), 933 So.2d 233.