PATRICIA RIVET MURRAY, Judge.
 

 |! This is a nullity action. Gerard Men-donca, the
 
 pro se
 
 plaintiff, appeals the judgment of the trial court which granted the peremptory exceptions of res judicata and no cause of action filed by the defendant, Tidewater, Inc.; granted Tidewater’s motion for La. C.C.P. art. 863 sanctions; and revoked, on the court’s own motion, Mr. Mendonca’s
 
 in forma pauperis
 
 status. For the reasons that follow, we affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 Over a decade ago, Mr. Mendonca, who currently resides in Australia, commenced the underlying suit in Orleans Parish Civil District Court against Tidewater.
 
 [1]
 
 In the underlying suit, Mr. Mendonca sought to recover for injuries he allegedly sustained as a result of his termination from employment in Dubai, United Arab Emirates (“U.A.E.”), in 1999. Mr. Mendonca’s claims included a tort claim for Tidewater’s alleged intentional interference with his employment contract with Al Wasl Marine, Ltd., and its successor, Al Wasl Marine, L.L.C. (collectively “Al Wasl”), U.A.E. companies in which Tidewater had an indirect interest.
 

 |2A11 of Mr. Mendonca’s claims against Tidewater have been dismissed.
 
 Mendonca v. Tidewater, Inc.,
 
 03-1015 (Lapp. 4 Cir. 12/17/03), 862 So.2d 505,
 
 writ denied,
 
 04-0426 (La.4/8/04), 870 So.2d 272
 
 (‘‘Tidewater I
 
 ”)(affirming trial court’s dismissal of all claims except for a tort claim for intentional interference with employment contract and remanding to allow Mr. Men-donca an opportunity to establish this tort
 
 *410
 
 claim);
 
 Mendonca v. Tidewater, Inc.,
 
 05-1166 (La.App. 4 Cir. 5/31/06), 938 So.2d 233,
 
 writ denied,
 
 06-1808 (La.10/27/06), 939 So.2d 1280,
 
 cert denied,
 
 549 U.S. 1309, 127 S.Ct. 1883, 167 L.Ed.2d 371,
 
 reh’g
 
 denied; 550 U.S. 954, 127 S.Ct. 2299, 167 L.Ed.2d 1127
 
 (2007)(Tidewater
 
 II”)(affirming trial court’s grant of summary judgment finding that Mr. Mendonca could not establish this tort claim due to an absence of supporting evidence).
 

 In an attempt to revive his claim against Tidewater, Mr. Mendonca has filed multiple nullity actions.
 
 See Mendonca v. Tidewater, Inc.,
 
 08-0264 (appeal), 08-0894 (writ) (La.App. 4 Cir. 11/5/08), 996 So.2d 74 (unpub.),
 
 writ denied,
 
 08-2820 (La.1/30/09), 999 So.2d 738
 
 (“Tidewater III
 
 ”)(finding Mr. Mendonca’s motion to annul the trial court’s judgment dismissing his claim, which was affirmed in
 
 Tidewater II,
 
 lacked merit). Through almost all of these proceedings Mr. Mendonca has been allowed to proceed
 
 in forma pauperis,
 
 has represented himself, and has waived appearance at hearings.
 

 In this appeal Mr. Mendonca challenges the trial court’s dismissal of his latest nullity action based on Tidewater’s exceptions of no cause of action and res judicata. As noted, the trial court also granted Tidewater’s motion for La. C.C.P. art. 863 sanctions and awarded $10,000 in attorneys’ fees and the costs of opposing Mr. Men-donca’s various petitions. As an additional sanction the trial court, on its own motion, revoked Mr. Mendonca’s right to proceed
 
 informa pauperis.
 

 13On appeal, Mr. Mendonca assignments of error can be grouped into three categories: (i) nullity action under La. C.C.P. art. 2005; (ii) sanctions under La. C.C.P. art. 863, and (iii) revocation of right to proceed
 
 in forma pauperis
 
 under La. C.C.P. art. 5181. We separately address each category.
 

 (i)
 
 Nullity action under La. C.C.P. art. 2005
 

 The trial court sustained Tidewater’s peremptory exceptions of no cause of action and res judicata and thus dismissed Mr. Mendonca’s nullity action. Appellate courts review a trial court’s decision sustaining peremptory exceptions of no cause of action and res judicata using a
 
 de novo
 
 standard.
 
 See Insurance Co. of North America v. Louisiana Power & Light Co.,
 
 08-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267 (“[t]he standard of review of a peremptory exception of res judicata requires the appellate court to determine if the trial court’s decision is legally correct or incorrect”);
 
 Tuban Petroleum, L.L.C. v. SIARC, Inc.,
 
 09-0302, p. 3 (La.App. 4 Cir. 4/15/09), 11 So.3d 519, 522,
 
 writ denied,
 
 09-945 (La.6/5/09), 9 So.3d 877 (“[t]he peremptory exception of no cause of action is reviewed using the
 
 de novo
 
 standard of review because it involves a legal question, which is based on the sufficiency of the petition.”) We thus apply a
 
 de novo
 
 standard in reviewing the dismissal of Mr. Mendonca’s nullity action.
 

 In sustaining Tidewater’s exceptions the trial court reasoned as follows:
 

 In the present case, the “judgment” [by this court in
 
 Tidewater I
 
 ] was not rendered against Al Wasl Marine, but rather it reversed a ruling that Mendonca had not stated a cause of action in his petition and held that he had a potential cause of action against Tidewater for intentional interference with a contract. There was no final judgment against a defendant, but rather a finding by the Fourth Circuit that Mendonca had a potential claim against Tidewater. Hence, there was no final judgment to vacate, even assuming that Mendonca had standing to assert a claim to vacate, which the Court finds he does not.
 
 *411
 
 Mendonca fails to state a cause of action and Tidewater’s exception of no cause of action is granted. Mendonca’s claim has also been | previously denied and, hence, Tidewater’s exception of res judicata is granted.
 

 As the trial court correctly noted, this court’s decision in
 
 Tidewater I
 
 was not a decision against Al Wasl. Indeed, this court’s decision was an interlocutory one in Mr. Mendonca’s favor, finding that he had pled a tort cause of action. This court remanded to give Mr. Mendonca an opportunity to establish that tort claim.
 
 [2]
 
 On remand, the trial court granted Tidewater’s motion for summary judgment on the tort claim; and this court affirmed that decision in
 
 Tidewater II.
 
 Mr. Mendonca’s attempts to nullify the decision in
 
 Tidewater II
 
 were rejected by the trial court, and this court affirmed the trial court’s decision in
 
 Tidewater III.
 

 In the instant nullity action, Mr. Men-donca is attempting to nullify this court’s decision in
 
 Tidewater I
 
 based on one of the same grounds that he raised regarding the nullity of
 
 Tidewater II
 
 — the failure to join Al Wasl as a defendant. Because the “judgment” Mr. Mendonca is seeking to nullify is one “rendered by an appellate court,” the governing provision is La. C.C.P. art. 2005, which provides:
 

 A judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court.
 

 La. C.C.P. art. 2005. Article 2005 limits a litigant’s right to bring a subsequent nullity suit by providing two exclusive, disjunctive grounds for annulling a judgment that an appellate court has rendered: (i) when the ground for nullity was not in the record of appeal, or (ii) when the ground for nullity was not considered by the appellate court.
 
 New Orleans Redevelopment Authority v. Lucas,
 
 02-2344 (La.App. 4 Cir. 8/25/04), 881 So.2d 1246 (citing
 
 Weller v. Brown,
 
 01-0314, p. 5 (La.App. 1 Cir. 3/28/02), 813 So.2d 635, 638; and
 
 Meldean’s, Inc. v. Rivers,
 
 410 So.2d 837, 839 (La.App. 3rd Cir.1982)). “When a judgment has been affirmed by an appellate court, which considered the moving party’s arguments that the judgment should be annulled, the judgment cannot thereafter be annulled.” Steven R. Plotkin,
 
 Louisiana Civil Procedure, Book II,
 
 Commentary to La. C.C.P. art. 2005 (1994). Such is the case here.
 

 Mr. Mendonca contends that Article 2005 does not preclude his nullity action because the issue of whether this court’s decision in
 
 Tidewater I
 
 is an absolute nullity on the ground of the failure to join A1 Wasl — an alleged La. C.C.P. art. 641 defendant
 
 [3]
 
 — “has never been considered in a written opinion/reasons for judgment by any court to-date.” Contrary to Mr. Men-donca’s contention, the requirement of Article 2005 that “the ground for nullity ... was not considered by the appellate court” has not been interpreted so narrowly. The requirement has been interpreted to
 
 *412
 
 preclude a subsequent nullity action not only when an appellate court has made an express ruling on an issue, but also when it has found implicitly that the issue raised was unpersuasive.
 
 New Orleans Redevelopment Authority,
 
 02-2344 at p. 13, 881 So.2d at 1254 (rejecting similar argument and finding nullity action precluded because prior decision “implicitly found unpersuasive all the issues Dr. Alden [who was the plaintiff in the nullity action] raised.”)
 

 To place Mr. Mendonca’s argument regarding the applicability of Article 2005 in context, a brief outline of the procedural history of this case focusing on the nullity actions is necessary. The procedural history is as follows:
 

 |(i* July 2007: Mr. Mendonca filed a petition to annul the trial court’s judgment granting Tidewater’s motion for summary judgment, which was affirmed by this court in
 
 Tidewater II.
 

 • November 2007: The trial court granted Tidewater’s peremptory exceptions of prescription and no cause of action and dismissed Mr. Mendonca’s motion for summary judgment on the same grounds. In its reasons for judgment, the trial court rejected Mr. Mendon-ca’s argument regarding the failure to join Al Wasl as a defendant providing a ground to declare the judgment in
 
 Tidewater II
 
 null and void. In so doing, the trial court noted that “Plaintiff made this same argument to this Court in his motion for new trial and motion to amend judgment filed in February 2005.” The trial court further noted that Al Wasl was not a La. C.C.P. art. 641 defendant and that “the failure to join Al Wasl Marine as a defendant does not affect the validity of this Court’s summary judgment.” From this decision, Mr. Mendonca filed both an appeal and a writ application, which this court consolidated and decided together in
 
 Tidewater III,
 
 discussed below.
 

 • July 2008: While Mr. Mendonca’s consolidated writ-appeal was pending in this court, he filed a petition to annul, two final judgments, which he described as “Final Judgment of Tidewater Inc.’s Exceptions Reversed by the Fourth Circuit on 17 December 2003
 
 [Tidewater I
 
 ] and Final Judgment of 16 February 2005 Affirmed on 31 May 2006
 
 [Tidewater II].”
 
 Mr. Mendonca sought to have these judgments declared null and void pursuant to La. C.C.P. art. 2002 A(2) based on the failure to join AI Wasl as a defendant.
 

 • November 2008: This court decided the consolidated writ-appeal in
 
 Tidewater III.
 
 This court affirmed the trial court’s dismissal of the nullity action and denied the writ. In so doing, this court expressly noted that the grounds Mr. Mendonca urged in his nullity petition appeared in the record on appeal and were argued by him to the appellate courts. Quoting with approval the trial court’s reasons for judgment, this court further noted that “the failure to join Al Wasl Marine as a defendant does not affect the validity of ... [the trial court’s] summary judgment.” In so finding, this court implicitly rejected Mr. Mendonca’s argument he raises in the present nullity action regarding the nullity of the judgment in
 
 Tidewater I.
 

 • May 2009: Mr. Mendonca filed this nullity action. It was entitled: “First Supplemental and Amending Petition to Annul Final Judgment on Tidewater’s Inc.’s Exceptions Reversed by the Fourth Circuit on 17 December 2003 and 15 January 2004,”
 
 Tidewater I.
 
 (As the trial court pointed out, this is
 
 *413
 
 the same judgment that Mr. Mendonca previously sought to annul.) In response, Tidewater filed peremptory exceptions of prescription, res judica-ta, and no cause of action. Tidewater also filed a motion for Article 863 sanctions.
 

 17* July 2009: Mr. Mendonca filed a motion to recuse the trial court judge and a motion to annul.
 

 • November 2009: Mr. Mendonca’s motion to recuse was denied.
 

 • June 2010: This court denied Mr. Mendonca’s writ application (which he filed as an appeal, but this court converted to a writ) seeking review of the denial of his motion to recuse the trial court judge. In his brief to this court on that writ (appeal), Mr. Mendonca asserted the same argument regarding the nullity of the decision in
 
 Tidewater I
 
 that he asserts in this nullity action.
 

 • October 2010: The trial court held a hearing on Tidewater’s exceptions and its motion for sanctions under La. C.C.P. art. 863. Mr. Mendonca opposed the exceptions and the motion, but waived his appearance at the hearing.
 
 [4]
 
 The trial court sustained Tidewater’s exceptions and awarded it sanctions. This appeal followed.
 

 Mr. Mendonca’s contention that Article 2005 does not preclude his nullity action is belied by the above outline of the procedural history of this case. As noted above, in
 
 Tidewater III
 
 this court implicitly rejected the ground Mr. Mendonca raises regarding the nullity of the judgment in
 
 Tidewater I.
 
 Regardless, Mr. Mendonca’s contention regarding the nullity of
 
 Tidewater I
 
 appears in the record of his prior appeal and writ. As the trial court noted in its reasons for judgment, Mr. Mendon-ca’s contention “does appear in the record of the Fourth Circuit with regard to Mendonca’s appeal to the Fourth Circuit which affirmed the judgment of this Court on November 5, 2008
 
 [Tidewater III],
 
 and Mendonca’s application for supervisory writs [on the recusal issue] which the Fourth Circuit | sdenied on June 10, 2010.” The trial court thus found Article 2005 provided a basis for sustaining Tidewater’s exceptions and precluded Mr. Mendonca’s nullity action. We agree.
 

 (ii)
 
 Sanctions under La. C.C.P. art. 863
 

 Mr. Mendonca next contends that the trial court erred in granting Tidewater’s motion for sanctions under La. C.C.P. art. 863. Appellate court review of the fact finding of an Article 863 violation is under the manifest error standard.
 
 See Mathis v. Mathis,
 
 06-1589, p. 3 (La.App. 4
 
 *414
 
 Cir. 7/25/07), 964 So.2d 426, 428;
 
 Loyola v. A Touch of Class Transp. Service, Inc.,
 
 580 So.2d 506 (La.App. 4 Cir.1991). Article 863 provides:
 

 [T]he signature of an attorney or party [who is not represented by an attorney] shall constitute a certification by him that he has read the pleading; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact; that it is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.
 

 La. C.C.P. art. 863 B. Article 863 thus imposes a duty of reasonable inquiry on a party — including a
 
 pro se
 
 litigant — signing pleadings. Article 863 imposes a duty to make an objective inquiry into the facts and law; hence, “[s]ubjective good faith will not satisfy the duty of reasonable inquiry.”
 
 Loyola,
 
 580 So.2d at 510.
 

 In finding Mr. Mendonca violated Article 863, the trial court reasoned that “in filing the petitions to annul final judgments and in the related pleadings, Men-donca did not make a reasonable inquiry that such pleadings were grounded in fact and warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.” The trial court further reasoned that “such pleadings were interposed for the purpose of harassment and causing 19needless increase in the cost of litigation.” As the procedural history of this case outlined earlier in this opinion reflects, Mr. Men-donca has filed multiple nullity actions seeking to revive his claim against Tidewater. Such “repetitive and duplicitous actions” constitute an abuse of the judicial system and warrant the imposition of Article 863 sanctions.
 
 Zeno v. Flowers Baking Co.,
 
 10-1413, p. 7 (La.App. 3 Cir. 4/6/11), 62 So.3d 303, 307;
 
 see also Succession of Harvey v. Dietzen,
 
 97-2815 (LaApp. 4 Cir. 6/24/98), 716 So.2d 911, 920 (citing
 
 Rochon v. Roemer,
 
 93-2444 (La.1/7/94); 630 So.2d 247)(finding Article 863 sanctions are an appropriate remedy to prevent abuse of the judicial process). We thus find no manifest error in the trial court’s finding that Mr. Mendonca violated Article 863.
 

 Mr. Mendonca next contends that the sanctions awarded are excessive. As noted, the trial court awarded Tidewater sanctions of $10,000 in attorneys’ fees plus costs in opposing Mr. Mendonca’s various petitions.
 
 [5]
 
 Appellate review of a challenge to the type or amount of Article 863 sanctions imposed is under an abuse of discretion standard.
 
 Dubois v. Brown,
 
 01-0816, p. 4 (La.App. 1 Cir. 5/10/02), 818 So.2d 864, 866.
 

 Once the court finds an Article 863 violation, the imposition of sanctions is mandatory. La. C.C.P. art. 863 D (providing the court “shall” impose an appropriate sanction). Article 863 provides that an appropriate sanction may include “an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorneys fees.”
 
 Id.
 
 The term “reasonable” in this context has not been construed as equivalent to actual expenses; rather, “[t]he ‘reasonableness’ finding must also include the | in[Article’s] goals of deterrence, punishment, and compensation.”
 
 Derouin v. Champion Ins. Co.,
 
 580 So.2d 1043, 1046 (Lapp. 3d Cir.1991).
 

 
 *415
 
 In reviewing the reasonableness of such an award, an important factor to consider is the trial court’s own knowledge of the facts. “The trial judge is in the best position to review the factual circumstances and render an informed judgment as he is intimately involved with the case, the litigants, and the attorneys on a daily basis.”
 
 Thomas v. Capital Security Services, Inc.,
 
 836 F.2d 866, 873 (5th Cir.1988). In this case, we cannot conclude that the sanction imposed by the trial judge, who has been involved in this case for many years, was an abuse of discretion.
 

 (iii)
 
 Revocation of right to proceed in form,a pauperis under La. C.C.P. art. 5181
 

 As noted earlier, Mr. Mendonca has been allowed to proceed
 
 informa pau-peris
 
 through most of this lengthy litigation. As an additional sanction, the trial court, on its own motion, revoked Mr. Mendonca’s
 
 in forma pauperis
 
 status. Mr. Mendonca contends that the trial court erred in so doing. A trial court has great discretion in deciding to revoke a litigant’s
 
 in forma pauperis
 
 status.
 
 Ainsworth v. Ainsworth,
 
 03-1626, p. 2 (La.App. 4 Cir. 10/22/03), 860 So.2d 104, 108. Appellate courts thus review a trial court’s revocation of
 
 in forma pauperis
 
 status under an abuse of discretion standard.
 
 Ainsworth,
 
 03-1626 at p. 4, 860 So.2d at 109;
 
 see also Benjamin v. National Super Markets, Inc.,
 
 351 So.2d 138 (La.1977).
 

 A litigant’s
 
 informa pauperis
 
 status is a “privilege, not a luxury or a right.”
 
 Martin v. Martin,
 
 39,631, p. 11 (La.App. 2 Cir. 5/18/05), 903 So.2d 619, 625. The privilege is codified in La. C.C.P. art. 5181, which provides that “an individual who is unable to pay the costs of court because of his poverty and lack of means | nmay prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor.” La. C.C.P. art. 5181(A). In order to fulfill the purpose of the privilege of enabling indigent individuals to assert their claims in court, the jurisprudence has liberally construed the privilege.
 
 Benjamin,
 
 351 So.2d at 140.
 

 The trial court has the duty and authority not only to ensure that the purpose of the privilege is fulfilled, but also to monitor that the privilege is not abused.
 
 Benjamin,
 
 351 So.2d at 142;
 
 Roy v. Gulf States Utilities Co.,
 
 307 So.2d 758, 761 (La.App. 3d Cir.1975)(noting that trial court has the duty and authority to subject
 
 in forma pauperis
 
 orders to continuing scrutiny to prevent abuse); La. C.C.P. art. 5183 B (providing that “[t]he court may reconsider such an order [allowing
 
 in for-ma pauperis
 
 status] on its own motion at any time in a contradictory hearing.”) The jurisprudence has recognized that “it is vital that the right to file
 
 in forma pauperis
 
 not to be encumbered by those who would abuse the integrity of the judicial process by frivolous filings.”
 
 Martin,
 
 39,631 at p. 12, 903 So.2d at 626 (citing
 
 Zatko v. California,
 
 502 U.S. 16, 17, 112 S.Ct. 355, 116 L.Ed.2d 293 (1991)). The jurisprudence also has recognized that
 
 “[i ]n forma pauperis
 
 petitioners lack the financial disincentive — filing fees and attorney’s fees — that help to deter other litigants from filing frivolous petitions.”
 
 Id.
 
 For these reasons, imposing reasonable restrictions on litigants who abuse the judicial system, including restricting their right to proceed
 
 in forma pauperis,
 
 is warranted.
 
 Martin,
 
 39,631 at p. 12, 903 So.2d at 626.
 

 In this case, the trial court, on its own motion, revoked Mr. Mendonca’s
 
 in forma pauperis
 
 status as an additional sanction for his Article 863 violation. In its reasons for judgment the trial court explained that it imposed the additional sanction because
 
 *416
 
 of Mr. Mendonca’s repeated filing of frivolous pleadings. The 112trial court reasoned that notwithstanding that this case has been over since at least May 2007 when the United States Supreme Court denied certiorari in
 
 Tidewater II,
 
 Mr. Mendonca has continued to file motions to annul the final judgments “based on frivolous and nonexistent grounds.” The trial court thus concluded that “Mondonea has clearly abused the process thereby warranting the revocation of his right to file in forma pauperis.” Given the factual circumstances presented in this case, we cannot conclude that the trial court abused its discretion in revoking Mr. Mendonca’s
 
 in forma pawperis
 
 status.
 

 DECREE
 

 For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed against the appellant, Mr. Mendonca.
 

 AFFIRMED
 

 [1]
 

 . Mr. Mendonca initially filed suit in federal court; that suit was dismissed.
 

 [2]
 

 . This court in
 
 Tidewater I
 
 also instructed that on remand the trial court "should reconsider” the various motions Mr. Mendonca filed after the trial on the exceptions insofar as those motions related to the tort claim.
 
 Tidewater I,
 
 03-1015 at p.
 
 9,
 
 862 So.2d at 511. Although those motions included a motion to annul, this court's decision in
 
 Tidewater I
 
 that Mr. Mendonca had pled a cause of action in tort against Tidewater mooted his motion to annul the trial court's decision that had dismissed that tort claim.
 

 [3]
 

 . Article 641 provides that "[a] person shall be joined as a party in the action when ... [i]n his absence complete relief cannot be accorded among those already parties.” La. C.C.P. art. 641 A(l).
 

 [4]
 

 . Although Mr. Mendonca contends that Tidewater failed to serve him by certified mail with notice of the hearing on its exceptions and motion for Article 863 sanctions as required by La. C.C.P. art. 1313, the trial court in its reasons for judgment stated that Mr. Mendonca "opposed the exceptions and the motion, but waived his appearance at the hearing.” Mr. Mendonca acknowledges that he had notice of the hearing and that he waived his presence. His real argument regarding improper service of notice is that he would not have waived his presence at the hearing if he was informed that his
 
 in forma pauperis
 
 status would be revoked at the hearing. As discussed elsewhere in this opinion, the trial court, on its own motion, revoked Mr. Mendonca’s
 
 in forma pauperis
 
 status. The ground on which the trial court did so was not due to a change in his financial circumstances, which would have presented factual issues and thus required a contradictory hearing under La. C.C.P. art. 5183 B. Rather, the trial court relied on the same ground on which it found an Article 863 violation — repeated filing of frivolous pleadings. Mr. Mendonca had notice of the hearing of the Article 863 motion, but waived his presence at that hearing. Mr. Mendonca’s argument regarding lack of proper service of notice is thus unpersuasive.
 

 [5]
 

 . As separately discussed below, the trial court, on its own motion, also imposed as an additional sanction the revocation of Mr. Mendonca’s right to proceed
 
 in forma pauper-is.