NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-2047

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00145-RTH, Judge Ryan T. Holte.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Arthur Lopez appeals from the judgment of the United States Court of Federal Claims dismissing his case and moves for leave to proceed *in forma pauperis.* ECF No. 14. The United States moves to summarily affirm. Mr. Lopez opposes. We grant summary affirmance.

After unsuccessfully pursuing litigation over a private loan gone bad that resulted in foreclosure on his residence,[1] Mr. Lopez brought this action in the Court of Federal Claims asserting he was entitled to $5 million in damages based on the government's "interference," "obstruction[]," and "derailing" of that litigation. ECF No. 3 at 21. Specifically, Mr. Lopez's complaint alleged the government had "take[n] everything from his possession," including his "children and Family," his social security benefits, his "property," and his "assets." *Id.* at 15–17. He further asserted "U.S. Congress-staff" had taken his property by "omitting Civil Cause of Action under Theft of Trade Secrets statute." *Id.* at 14. On August 20, 2025, the Court of Federal Claims dismissed the complaint and certified under 28 U.S.C. § 1915(a)(3) that any appeal would not be in good faith. Mr. Lopez nevertheless filed this appeal.

Summary affirmance is warranted here. We have explained to Mr. Lopez that the Court of Federal Claims lacks jurisdiction over claims for social security benefits, criminal actions and suits, tort claims based on interference with prior litigation, and claims that he is entitled to compensation under the Fifth Amendment for the taking of his children and family. *See Lopez v. United States*, No. 2024-1860, 2025 WL 685917, at *1–2 (Fed. Cir. Mar. 4, 2025); *Lopez v. United States*, No. 2025-1499 (Fed. Cir. July 16, 2025). The Court of Federal Claims was likewise clearly correct that Mr. Lopez failed to raise a cognizable takings claim based on his allegation that Congress omitted a civil cause of action from the federal Defend Trade Secrets Act at least because "[t]akings liability must be premised on affirmative government acts," *St. Bernard Par. Gov't v. United States*, 887 F.3d 1354, 1362 (Fed. Cir. 2018).

---

[1]    *See Lopez v. MUFG Holding Corp.*, No. G061254, 2023 WL 4941972, at *1 (Cal. Ct. App. Aug. 3, 2023).

We have considered Mr. Lopez's arguments in opposition to summary affirmance and find them unpersuasive. In particular, Mr. Lopez reiterates his argument that the trial judge should have recused because, when an attorney in private practice, he had "transacted business dealings with the . . . United States" in matters unrelated to Mr. Lopez's claims. ECF No. 10-1 at 2–3. As previously explained to Mr. Lopez, to show "that judicial bias during the proceedings deprived him of due process [he] must show a deep-seated favoritism or antagonism that would make fair judgment impossible," and he has clearly failed to do so here in this case. *Lopez*, 2025 WL 685917, at *2.

The court notes that Mr. Lopez has filed numerous cases with the Court of Federal Claims, and related appeals with this court, each of which have been similarly rejected. *See, e.g.*, *Lopez*, 2025 WL 685917; *Lopez*, No. 2025-1499, ECF No. 15; *Lopez v. United States*, No. 2023-1522, ECF No. 26 (Fed. Cir. Oct. 27, 2023); *Lopez v. United States*, No. 2022-2244, ECF No. 13 (Fed. Cir. Dec. 28, 2022); *Lopez v. United States*, No. 2022-1426, ECF No. 20 (Fed. Cir. Dec. 14, 2022). Mr. Lopez is now specifically warned that if he continues to file appeals with this court that are wholly meritless, the court may impose monetary and/or non-monetary sanctions. *Cf. In re Amend. to Rule 39*, 500 U.S. 13, 13 (1991) ("It is vital that the right to file *in forma pauperis* not be encumbered by those who would abuse the integrity of our process by frivolous filings[.]").

Accordingly,

IT IS ORDERED THAT:

(1) The motion for leave to proceed *in forma pauperis* is denied.

(2) The United States's motion is granted. The judgment of the United States Court of Federal Claims is summarily affirmed.

4                                                              LOPEZ v. US

(3)  Each party shall bear its own costs.

FOR THE COURT



December 10, 2025                    Jarrett B. Perlow
      Date                              Clerk of Court