

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2008

# Douris v. Middletown

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Douris v. Middletown" (2008). *2008 Decisions.* Paper 538.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/538

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 07-1101 and 07-2707

———————

JAMES GEORGE DOURIS,
                                        Appellant

v.

MIDDLETOWN TOWNSHIP; MARY ALICE FELT, INDIVIDUAL AND OFFICIAL
CAPACITY; NEWTOWN BOROUGH; BRIAN STEVEN GREGG, INDIVIDUAL
AND OFFICIAL CAPACITY

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil Action No. 06-cv-05312)
District Judge:  Honorable R. Barclay Surrick

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2008

Before:   RENDELL, JORDAN AND ROTH, Circuit Judges

(Opinion filed: September 15, 2008)

———————

OPINION

———————

PER CURIAM

        James Douris, proceeding pro se, appeals an order of the United States

District Court for the Eastern District of Pennsylvania denying his motion to proceed in

forma pauperis and an order dismissing his civil rights action. We will affirm the order denying in forma pauperis status and vacate the dismissal order.

Douris filed a motion to proceed in forma pauperis in District Court in a civil rights action against Middletown Township, Newtown Borough, and two police officers. Douris alleged in his complaint that the police officers injured his hands while fingerprinting him at the police station in connection with disorderly conduct charges. In his in forma pauperis motion, Douris stated that he had not been employed since 1994, he was disabled, he had no income or cash, and he owned half of a house valued at $100,000 and half of a car valued at $500.

The District Court denied Douris's motion to proceed in forma pauperis, stating that Douris appeared to qualify financially for such status, but concluding that Douris's frequent filings in federal court constituted an abuse of the system and "extreme circumstances" that justified denying in forma pauperis status. The District Court noted that this was Douris's ninth lawsuit in the Eastern District of Pennsylvania since 1999, that all of his lawsuits had lacked merit, and that significant time and resources had been spent on Douris's claims. The District Court ordered Douris to pay the filing fee within 20 days or his action would be dismissed.

Douris appealed the order denying in forma pauperis status. After 20 days had passed, and while Douris's appeal was pending, the District Court entered an order dismissing Douris's action for failure to pay the filing fee. Douris filed another notice of appeal, and the two appeals were consolidated. We grant Douris's motions to proceed in

2

forma pauperis for the purpose of these appeals.  We have jurisdiction over Douris's first

appeal because an order denying in forma pauperis status is final for purposes of 28

U.S.C. § 1291.  Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995).

The in forma pauperis statute, 28 U.S.C. § 1915, "is designed to ensure that

indigent litigants have meaningful access to the federal courts."  Neitzke v. Williams, 490

U.S. 319, 324 (1989).  Specifically, Congress enacted the statute to ensure that

administrative court costs and filing fees, both of which must be paid by everyone else

who files a lawsuit, would not prevent indigent persons from pursuing meaningful

litigation.  Deutsch, 67 F.3d at 1084.  Toward this end, § 1915(a) allows a litigant to

commence a civil or criminal action in federal court in forma pauperis by filing in good

faith an affidavit stating, among other things, that he is unable to pay the costs of the

lawsuit.  Neitzke, 490 U.S. at 324.[1]

Congress recognized, however, that a litigant whose filing fees and court

_____

[1]The statute provides:

> Subject to subsection (b) [applicable to prisoners], any court of the United
> States may authorize the commencement, prosecution or defense of any
> suit, action or proceeding, civil or criminal, or appeal therein, without
> prepayment of fees or security therefor, by a person who submits an
> affidavit that includes a statement of all assets such prisoner possesses [sic]
> that the person is unable to pay such fees or give security therefor.  Such
> affidavit shall state the nature of the action, defense or appeal and affiant's
> belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  The reference to prisoners in § 1915(a)(1) appears to be a
mistake.  In forma pauperis status is afforded to all indigent persons, not just prisoners.

costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. Neitzke, 490 U.S. at 324; Deutsch, 67 F.3d at 1084. To prevent such abusive litigation, § 1915(e) (formerly § 1915(d)) authorizes federal courts to dismiss an in forma pauperis complaint if satisfied that the action is frivolous or malicious. Id.

Like the other courts of appeals, we have established procedures by which § 1915 is to operate. Deutsch, 67 F.3d at 1084. In this Circuit, leave to proceed in forma pauperis is based on a showing of indigence. Id. at 1084 n.5 (citing Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The court reviews the litigant's financial statement, and, if convinced that he or she is unable to pay the court costs and filing fees, the court will grant leave to proceed in forma pauperis. Id. See also Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976) (holding that the district court abused its discretion in denying in forma pauperis status based on a finding of improper venue, rather than on economic status). In cases where leave is granted, the court thereafter considers the separate question whether the complaint should be dismissed as frivolous or malicious under § 1915(e). Deutsch, 67 F.3d at 1084 n.5; Sinwell, 536 F.2d at 19.

We have noted in dicta that "extreme circumstances" might justify denying an otherwise qualified litigant leave to proceed in forma pauperis. Deutsch, 67 F.3d at 1085 n.5 (citing Lockhart v. D'Urso, 408 F.2d 354, 355 (3d Cir. 1969) (per curiam)). In Deutsch, we stated that we had not delineated the circumstances that might be sufficiently "extreme" to justify denial, but we "remain[ed] open to the possibility that an affiant may

4

someday warrant invocation of this exception to the usual procedure." Id. Relying on

Deutsch, the District Court concluded that Douris's abusive filings constituted such

"extreme circumstances."[2]

We hold that the District Court did not err in denying in forma pauperis

status based on Douris's abusive filings. As recognized by the District Court, Douris has

repeatedly and unsuccessfully filed lawsuits claiming violations of the Americans with

Disabilities Act and other civil rights violations, and his lawsuits have required the

expenditure of significant judicial resources. We have affirmed orders dismissing these

suits pursuant to 28 U.S.C. § 1915(e)(2)(B), see Douris v. Huff, C.A. No. 06-4924, and

Douris v. Newtown Borough, C.A. No. 06-2015; we have also dismissed as frivolous an

appeal from an order dismissing a complaint, see Douris v. Bucks County, et al., C.A. No.

05-1362; and we have affirmed orders granting motions to dismiss and/or motions for

summary judgment, see, e.g., Douris v. Office of Pa. Attorney General, C.A. No. 04-

2953. The abusive nature of Douris's filings is further exemplified by his many filings in

---

[2]In Deutsch, we cited In re Sindram, 498 U.S. 177 (1991) (per curiam), as support for the possibility that there may be an exception to the usual procedure. In that case, the Supreme Court denied in forma pauperis status to a petitioner who sought an extraordinary writ, noting that it had a duty to deny in forma pauperis status to those, like the petitioner, who had abused the system. Id. at 180. After Sindram, the Supreme Court amended its rules to provide that it may deny in forma pauperis status where a petition for a writ of certiorari, jurisdictional statement, or petition for an extraordinary writ is frivolous or malicious. See Zatko v. California, 502 U.S. 16, 17 (1991) (invoking rule).

5

this Court while his appeal has been pending.[3]

Finally, the District Court lacked jurisdiction to issue the order dismissing Douris's action after Douris filed his notice of appeal. <u>Venen v. Sweet</u>, 758 F.2d 117, 120-21 (3d Cir. 1985). Accordingly, we shall affirm the order of the District Court denying Douris's motion to proceed <u>in forma pauperis</u>. We also shall vacate the District Court's order dismissing Douris's action and shall remand this matter for further proceedings conditioned upon Douris's payment of the requisite filing fee.[4] All of Douris's outstanding motions are denied.

---

[3]There may be little practical effect to a litigant when <u>in forma pauperis</u> status is denied based on an abuse of the system. As noted above, when a litigant is granted <u>in forma pauperis</u> status based on indigence, the district court may dismiss the complaint as frivolous or malicious under § 1915(e)(2)(B). <u>See</u> <u>Sinwell</u>, 536 F.2d at 18-19. Like the denial of <u>in forma pauperis</u> status, a dismissal under § 1915(e)(2)(B) is without prejudice to the filing of a paid complaint. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992).

[4]Upon remand, the District Court shall provide a reasonable amount of time to pay the filing fee, and, of course, may dismiss the action should Douris fail to do so.