*673 OPINION
PER CURIAM.
James Douris, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights action. We will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).
Douris filed a motion to proceed in for-ma pauperis in District Court in connection with a civil rights action against Mid-dletown Township and other defendants. The District Court denied Douris’s motion to proceed in forma pauperis, stating that Douris appeared to qualify financially for such status, but concluding that Douris’s frequent filings in federal court constituted an abuse of the system and “extreme circumstances” that justified denying in for-ma pauperis status. The District Court noted that this was Douris’s ninth lawsuit in the Eastern District of Pennsylvania since 1999, that all of his lawsuits had lacked merit, and that significant time and resources had been spent on Douris’s claims. The District Court ordered Douris to pay the filing fee within 20 days or his action would be dismissed.
Douris appealed the District Court’s order, and we affirmed, holding that the District Court did not err in denying Dour-is in forma pauperis status based on his abusive filings. Douris v. Middletown Township, et al., 293 Fed.Appx. 130, 132 (3d Cir.2008) (unpublished opinion). We agreed with the District Court that Dour-is’s abusive filings constituted “extreme circumstances” warranting an exception to the rule that leave to proceed in forma pauperis is based on a showing of indigence. See id. We noted that Douris had repeatedly and unsuccessfully filed lawsuits claiming civil rights violations, and that his lawsuits had required the expenditure of significant judicial resources. Id. We remanded the case to give Douris the opportunity to pay the filing fee and pursue his complaint.[1] On remand, the District Court ordered Douris to pay the filing fee within 20 days or his action would be dismissed.[2]
Douris did not pay the filing fee. After the 20-day time period had passed, Douris filed a motion titled “The Court will Allow Plaintiff to Proceed with Complaint,” asserting that he could pursue his complaint without payment of the court’s fees. The District Court dismissed the motion and the action because Douris had failed to pay the filing fee in accordance with the District Court’s previous order. This appeal followed.
As discussed above, we have already adjudicated Douris’s appeal of the District Court’s order denying in forma pauperis status, and Douris was unsuccessful. Pursuant to our instructions, on remand the District Court issued an order giving Douris the opportunity to pay the filing fee or his complaint would be dismissed. Because Douris did not pay the filing fee, the District Court did not err in dismissing Douris’s complaint and his motion to pursue his complaint without payment of the court’s fees.
Accordingly, we will dismiss this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the appeal is frivolous. Douris’s “Motion for the Court and Parties to Proceed with Readable Documents” is denied.

. We also vacated an order dismissing the complaint, which the District Court issued after Douris filed his notice of appeal. See Venen v. Sweet, 758 F.2d 117, 120-21 (3d Cir.1985).

. Douris appealed this order, and we dismissed the appeal for lack of jurisdiction because the order was not final for purposes of 28 U.S.C. § 1291. See C.A. No. 08-4019.