DLD-280                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1010
_____

JAMES GEORGE DOURIS,
                              Appellant

v.

STATE OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-02836)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 13, 2012
Before:  AMBRO, JORDAN AND VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 2, 2012)
_____

OPINION
_____

PER CURIAM

    James George Douris appeals from an order or

orders[1] of the United States District Court for the District of New Jersey. Because no substantial question is presented by his appeal, we will summarily affirm the District Court's orders.

I.

Because the parties are familiar with the facts of the case, we will set forth only those facts necessary to understanding the appeal. Douris, who alleges a number of disabilities, filed a complaint against the State of New Jersey ("the State") with claims stemming from an incident in which he was ticketed in May 2008 for failure to wear a seat belt. Before the State answered, Douris filed a First Amended Complaint. In that complaint, Douris alleged that he was injured at the Hopewell Township Municipal Court and at the Lawrence Township Municipal Court when he tried to access those courts in order to contest his ticket. He alleged that the courts were not compliant with Title

---

[1] See Section II, infra.

II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12132. Douris's complaint also alleged that the New Jersey Superior Court in Trenton was not ADA compliant, because the court papers were in small type. In paragraph 20 of the amended complaint, Douris alleged that he was denied access to viewing a criminal trial at the Superior Court of New Jersey in New Brunswick, in violation of the ADA.

The State filed a motion to dismiss the amended complaint, arguing that Douris could not relitigate the propriety of his seat-belt ticket, due to the Rooker-Feldman doctrine,[2] and that Douris's other claims should

---

[2] See Exxon Mobil Corp. v. Saudi Basic Industries, Corp., 544 U.S. 280, 284 (2005) (explaining that Rooker-Feldman doctrine bars federal court review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments"). At the time Douris filed his federal complaint, he had already contested his traffic ticket in municipal courts in New Jersey and lost, and had attempted to appeal the guilty finding in the Superior Court of New Jersey. We agree that the District Court could not entertain an appeal of the guilty finding.

be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). After a hearing, the District Court agreed, and dismissed the amended complaint with prejudice, with the exception of the allegations in paragraph 20 of the complaint, which the District Court dismissed without prejudice, as the allegations were unrelated to the remainder of the complaint. The Court explained in its ruling that Douris could bring the claims raised in paragraph 20 in a new complaint, if he desired.

About a week later, Douris filed a "Motion to the Court to File a Second Amended Complaint." The motion argued that the District Court erred by dismissing his complaint without giving him an opportunity to file another amended complaint. Douris attached a proposed Second Amended Complaint. A magistrate judge denied the motion as moot, stating that the matter was closed and that Douris had not sought leave to reopen. Less than

4

a week later, Douris filed a document titled, "Plaintiff's Motion as the Court Allowed Plaintiff the Right to Amend the First Amended Complaint with no Time Limit to Amend." The District Court then entered an order denying Douris's motion to file a second amended complaint, and stated that any claims he would like to raise related to paragraph 20 of the complaint "must be filed as a new complaint, rather than an amended complaint, to initiate a new case under a separate docket number." Douris appealed two days later.

## II.

We construe Douris's "Motion to the Court to File a Second Amended Complaint"[3] and his "Motion as the Court

---

[3] It is not clear that the Magistrate Judge had the authority to decide Douris's post-decision motion to amend his complaint. See 28 U.S.C. § 636(b)(1)(A), (B) (authorizing magistrate judge to hear and determine *pretrial* matters, and to conduct hearings and submit proposed findings of fact and recommendations for disposition in posttrial *criminal* matters); Colorado Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co., 879 F.2d 809, 811 (10th Cir. 1989) (decisions in matters referred to magistrate judge under "additional duties" provision of § 636(b)(3) are not directly appealable to court of appeals). Because Douris's

Allowed Plaintiff the Right to Amend the First Amended Complaint with no Time Limit to Amend" as motions to reconsider the District Court's November 7, 2011 order dismissing his complaint. Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (courts may consider post-judgment motions as motions filed pursuant to Fed. R. Civ. P. Rule 59(e) or Rule 60(b)). As each motion was filed within 28 days of the November 7th order, the time to appeal that order began to run "from the entry of the order disposing of the last [of the two] motion[s]." Rule 4(a)(4)(A), Federal Rules of Appellate Procedure ("Fed. R. App. P."). We thus have jurisdiction to review the November 7th order, and the order denying Douris's second motion to amend the complaint.[4]

---

motion to amend his complaint was ultimately heard by the District Court, we will review that final order.

[4] We note that Douris's notice of appeal mentions only the December 28, 2011 order denying his last motion. Pursuant to Fed. R. App. P. 3(c)(1)(B), an appellant must "designate the judgment, order, or part thereof being appealed." Courts generally construe

III.

We first turn to the November 7th order granting the State's motion to dismiss the amended complaint. Our review of a district court's order granting a motion to dismiss for failure to state a claim is plenary. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). To survive a motion to dismiss, a complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). We may affirm a district court for any reason supported

submissions from a pro se litigant liberally and hold them "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011). However, Douris is an experienced litigator. See Douris v. Middletown Township, 293 F. App'x 130, 132-33 (2008) (district court did not err in denying in forma pauperis status based on Douris's abusive filings). Nevertheless, in this instance, we will give Douris the benefit of liberal construction. Douris is cautioned that any future notices of appeal should conform to Rule 3.

7

by the record.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 191 (3d Cir. 2011) (citation omitted).

A.  <u>Claims Involving the New Jersey Superior Court</u>

We agree that Douris's claims against the New Jersey Superior Court failed to state a claim for relief under the ADA.  In order to state a claim for relief under Title II of the ADA, "a plaintiff must allege: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits or discrimination was by reason of his disability."  <u>Toledo v. Sanchez</u>, 454 F.3d 24, 31-32 (1st Cir. 2006) (citing <u>Parker v. Universidad de Puerto Rico</u>, 225 F.3d 1, 4 (1st Cir. 2000)); 42 U.S.C. § 12132.  Douris's complaint alleges facts that would establish that he is a qualified individual with a disability, but the complaint fails to plead factual

8

matter that would allow the Court to infer that he was "excluded from participation" or "denied benefits" at the Superior Court because of his disabilities.

The amended complaint alleges that Douris appealed his seat-belt violation at "the State Superior Court in Trenton New Jersey at such time the access to the Court was not accessible to Douris in his wheelchair," and that he was "unable to proceed with the appeal and the appeal died." Amended complaint, dkt. #4-1, ¶5. The complaint does not explain why or when the court was inaccessible, but Douris explained at oral argument in the District Court that "there were some bird droppings that were bothersome to him, so he didn't enter one day," and that "there were issues with moving up and down to different floors; there's elevators, but they may be mechanical and there may be a need for sheriff's officers to help Mr. Douris." Dist. Ct. Op., dkt. #68, at 5. Thus, it appears that Douris was not excluded from the courthouse; rather, he chose not to enter, and

when he did enter, he was assisted when he needed to move between floors.

The amended complaint alleges that the New Jersey courts failed to provide him with legal counsel, but there is no requirement under the ADA that courts provide legal counsel for a person with disabilities. Whether counsel should have been provided is a matter that could have been litigated within the appeal from Douris's conviction.

The amended complaint alleges that the "papers and legal case law" at the Superior Court in Trenton were not readable, presumably because the type was too small. It is not clear whether Douris sought any accommodations; e.g., by asking that specific legal provisions be enlarged. Further, Douris's complaint concedes that when he had trouble reading court orders, the judge rewrote them in larger print so that he could see them. Amended complaint, dkt. #4-1, ¶19. Thus, Douris's complaint does not show that he was excluded

10

from participation in the appeal because of the small type.

Douris's amended complaint also alleged that he was unable to access the Superior Court in New Brunswick on an unknown date as a public viewer because there were "locked doors." Douris does not allege factual matter that would allow the court to infer that he was excluded from the proceeding because of his disability. If the doors were locked, then nobody would have been able to enter the court, disability or no disability.

B.  Claims Involving New Jersey Municipal Courts

Along with its motion to dismiss, the State of New Jersey provided affidavits and certifications to support the motion with regard to claims involving the municipal courts. Douris also provided numerous exhibits in connection with his responses. "[B]ecause the District Court reviewed affidavits and other documents outside of the pleadings in evaluating [the State's] motion to dismiss, we review the record

pursuant to Rule 56 [of the Federal Rules of Civil Procedure]." Albright v. Virtue, 273 F.3d 564, 570 (3d Cir. 2001); Rule 12(b)(6). We review a district court's grant of summary judgment de novo, using the same standard as the district court. Pichler v. UNITE, 542 F.3d 380, 385 (3d Cir. 2008). Summary judgment is appropriate if the record reveals "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Summary judgment was appropriate here on the claims involving the municipal courts. The State of New Jersey, the only named defendant, provided affidavits noting that the Hopewell Township Municipal Court and the Lawrence County Municipal Court are under the control and authority of Hopewell Township and Lawrence Township, respectively, and not under the control of the State of New Jersey. See also N.J. Stat. Ann. 2B:12-15 ("Suitable courtrooms, chambers, offices, equipment and supplies for the municipal court, its

12

administrator's office and its violations bureau shall be provided by the municipality or by a county that has established a central municipal court."). Thus, Douris's allegations that he was injured at those courts, and that those courts are not ADA-compliant, are not proper claims against the State of New Jersey.[5]

C. New Jersey Law Against Discrimination

Douris's amended complaint also contained claims pursuant to the state's law against discrimination. Because the District Court properly dismissed all of the federal claims, the Court did not abuse its discretion in dismissing the state-law claims as well.

---

[5] Claims under Title II of the ADA are subject to the statute of limitations for personal injury claims in the state in which they are raised. Disabled in Action of Pa. v. SEPTA, 539 F.3d 199, 208 (3d Cir. 2008). New Jersey has a two-year statute of limitations for personal injury claims. N.J. Stat. Ann. 2A:14-2. It thus appears that most, if not all, of Douris's claims are barred by the statute of limitations. Because the statute of limitations is an affirmative defense, and because the State did not raise the issue in the District Court, we do not rely on the untimeliness of the claims as a basis for affirming the District Court's dismissal.

13

28 U.S.C. § 1367(c)(3).[6]

IV.

In his post-dismissal motions to amend his complaint, Douris argues that the District Court should have given him an opportunity to amend his complaint before dismissing (the bulk of) his claims with prejudice.  We agree.  "[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  Phillips, 515 F.3d at 245-46 (citation omitted).  We need not remand for further proceedings, however, because Douris submitted his

---

[6] We also affirm the District Court's decision to deny injunctive relief.  Douris apparently clarified at oral argument that he sought an injunction against officers issuing him tickets in the future for not wearing his seat belt.  Whether Douris is required to wear a seat belt is a matter that was considered by the state courts when Douris contested his traffic violation, and we do not discern any violation of the ADA in New Jersey's enforcement of the seat belt laws. See N.J. Stat. Ann. 39:3-76.2g (providing exception to seat belt requirement if "driver or passenger possesses a written verification from a licensed physician that the driver or passenger is unable to wear a safety seat belt system for physical or medical reasons").

proposed amended complaint to the District Court, and his proposed amendment does not cure the defects that we have discussed above.

V.

For the foregoing reasons, and the reasons given by the District Court, we will affirm the District Court's judgment.