703 A.2d 664

SHIRLEY JENKINS, PLAINTIFF–APPELLANT, v. REGION NINE HOUSING CORP., A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, REGION NINE MANAGEMENT CORP., A CORPORATION AUTHORIZED TO DO BUSINESS IN NEW JERSEY, NORTH BRUNSWICK HOUSING ASSOCIATES, AN UNINCORPORATED BUSINESS ASSOCIATION, NORTH BRUNSWICK HOUSING ASSOCIATES, A CORPORATION, NEW BRUNSWICK UAW ASSOCIATES, AN UNINCORPORATED BUSINESS ASSOCIATION, NEW BRUNSWICK UAW ASSOCI- ATES, A CORPORATION, IRVINGTON UAW CORPORATION, AN UNINCORPORATED BUSINESS ASSOCIATION, IRVING- TON UAW CORPORATION, JOAN WILK, AND KATHERINE YOUNG, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted November 12, 1997—Decided December 1, 1997.

Before Judges DREIER, KEEFE and WECKER.

*Alan L. Krumholz*, attorney for appellant.

*Giblin and Lynch*, attorneys for respondents (*Ronald V. Sgambati*, on the brief).

The opinion of the court was delivered by

WECKER, J.A.D.

Plaintiff, Shirley Jenkins, appeals from summary judgments dismissing her second amended complaint against defendants Region Nine Housing Corporation, Region Nine Management Corporation, North Brunswick Housing Associates, New Brunswick UAW Associates, Irvington UAW Associates, Irvington UAW Corporation, Joan Wilk and Katherine Young.[1] Plaintiff's second amended complaint purported to allege several causes of action against the corporate and partnership defendants: breach of contract, fraud, promissory estoppel, and wrongful discharge. Against the individual defendants, plaintiff alleged intentional interference with economic advantage.

In lieu of answering plaintiff's complaint, defendants initially moved to dismiss plaintiff's complaint "pursuant to *R.* 4:6–2(e) or alternatively *R.* 4:46.". The judge heard argument on the motion on three separate dates, eventually granting a renewed motion to dismiss the entire second amended complaint.

When reviewing a motion to dismiss on the pleadings, we must give the plaintiff the benefit of "every reasonable inference of fact" and read the complaint in the light most favorable to plaintiff. *Printing Mart–Morristown v. Sharp Electronics, Inc.* 116 *N.J.* 739, 746, 563 *A.*2d 31 (1989).

> The examination of a complaint's allegations of fact required by the aforestated principles should be one that is at once painstaking and undertaken with a generous and hospitable approach.

---

[1] Although plaintiff names eight (8) entity defendants, she concedes that her allegations concern Region Nine Housing Corporation, North Brunswick Housing Associates, New Brunswick Housing Associates and Irvington UAW Associates.

*[Id.]*

We conclude that plaintiff's breach of contract and fraud claims against the entity defendants were properly dismissed and affirm as to those portions of the summary judgment. However, we conclude that the motion judge erred in dismissing plaintiff's claims against the entities based upon promissory estoppel, and against the individual defendants for intentional interference with economic advantage. We therefore reverse and remand for trial on those claims.

Jenkins had worked from January 1992 through September 1993 as a site manager for one or more of the entity defendants who own or operate federally subsidized, non-profit housing projects. She left voluntarily for a better paying job and was contacted in August 1994 by defendant Wilk to solicit her return as a property manager. Wilk and her daughter, Katherine Young, were employed by defendant Region Nine Housing Corporation,[2] the "managing entity" for the partnerships which previously employed Jenkins. Wilk was the Chief Administrator for Region Nine. Young was her assistant.

Wilk and Jenkins agreed that Jenkins would come back to work with a total annual "package" of $50,000, which included a $300 per month car allowance, health insurance, holidays, vacation, and related benefits. Because this new job covered three different sites, Jenkins needed a car, which she did not have and could not afford without the salary package promised. Wilk took Jenkins to Thomas Lincoln–Mercury in Westfield, where Wilk and others in the company had leased their cars. There Jenkins signed a two-year lease for a Mercury Sable, at $372 per month. On behalf of Jenkins' new employers, Wilk advanced the $742 downpayment, which was deducted from Jenkins' first several paychecks. Plaintiff was hired and received paychecks from three limited partnerships, defendants North Brunswick Housing Associates, New

---

[2] Wilk testified at a deposition that defendant Region Nine Management Corporation had been dissolved.

Brunswick UAW Associates and Irvington UAW Associates, each of which owned one of the three buildings that she managed. Jenkins had worked for a little more than four months when she was terminated without warning, and told "it wasn't working out." She was left with the automobile lease obligation which she cannot afford but has been forced to pay even though she does not need the car.

Katherine Young's husband, William, was hired by Region Nine Housing Corporation to do computer work in November 1994, shortly before plaintiff was fired. Jenkins points to the fact that William Young had been unemployed for some time, and was hired by the company in November 1994 after his unemployment insurance ran out. Jenkins claims that defendants Wilks and Young unjustifiably criticized her to induce the management to fire her, so that William Young could be employed in her stead. The evidence is that he did take over management of one of the sites that Jenkins had managed, but did not take over her entire position. Plaintiff was an experienced property manager with a Certified Occupancy Specialist certificate; William Young had no such experience or certification.

Jenkins' second amended complaint, read most favorably to her, alleges breach of contract and fraud (first count), promissory estoppel (second count), and wrongful discharge in violation of public policy (third count), against the entity defendants: her employers and the employer of defendants Wilk and Young. Jenkins' fourth count seeks punitive damages against those defendants. The fifth and sixth counts against defendants Wilk and Young allege intentional interference with Jenkins' employment relationship and punitive damages against those individuals.

■ The essence of Jenkins' contract complaint against the entity defendants is that she could not afford to lease the car, but for the promised employment and car allowance; that the defendants' participation in her car lease entitled her to assume that she had a promise of a two-year employment period so long as she performed satisfactorily; and that she was wrongfully discharged

without good cause. Plaintiff's contract argument is unsupported by the evidence and the law. The court apparently dismissed the contract claim in plaintiff's first count based on defendant's argument under the Statute of Frauds in effect at the time the argument was heard. *N.J.S.A.* 25:1–5e., repealed by L.1995, c. 360, § 8, eff. January 5, 1996. The repealed statute barred an action to enforce an oral agreement "that is not to be performed within one year from the making thereof." Plaintiff does not contend that the amended statute applies to her action. We need not address that question, because we are satisfied that the claim that plaintiff had an oral, two-year employment contract fails on the face of the pleading, *R.* 4:6–2(e). In light of plaintiff's deposition testimony that "no specific term of employment was mentioned at the time of hiring," the contract claim was properly dismissed on a summary judgment model as well. *R.* 4:46; *Brill v. Guardian Life Ins. Co. of America,* 142 *N.J.* 520, 666 *A.*2d 146 (1995).

Likewise, plaintiff's fraud claim was properly dismissed for failure to state a cause of action. The allegations of plaintiff's complaint, read most favorably to her, do not establish the requisite elements of legal or equitable fraud. *See Baldasarre v. Butler,* 254 *N.J.Super.* 502, 520–21, 604 *A.*2d 112 (App.Div.1992) *aff'd in part and rev'd in part on other grounds,* 132 *N.J.* 278, 625 *A.*2d 458 (1993). Nor does the complaint state a claim for wrongful discharge in violation of public policy. *See Pierce v. Ortho Pharmaceutical Corp.,* 84 *N.J.* 58, 417 *A.*2d 505 (1980). Plaintiff cites no specific, clearly enunciated public policy sufficient to support such a claim. *See, e.g., Citizens State Bank of New Jersey v. Libertelli,* 215 *N.J.Super.* 190, 195, 521 *A.*2d 867 (App. Div.1987). We find no merit to plaintiff's contentions in regard to these causes of action, which do not warrant further discussion in a written opinion. *R.* 2:11–3(e)(1)(E).

However, plaintiff's claim of detrimental reliance as a basis for promissory estoppel was sufficiently stated to have withstood a *R.* 4:6–2 motion. Viewed as a motion for summary judgment,

there was a material question of fact based upon the defendants' awareness that plaintiff was purchasing the car for the job and relying on the salary and car allowance to pay for it. *See Peck v. Imedia, Inc.,* 293 *N.J.Super.* 151, 679 *A.2d* 745 (App.Div.), *certif. denied* 147 *N.J.* 262, 686 *A.2d* 763 (1996). The car purchased as a job requirement stands on significantly different footing from a merely personal purchase, such as a house. *Compare Linn v. Beneficial Commercial Corp.,* 226 *N.J.Super.* 74, 80, 543 *A.2d* 954 (App.Div.1988).

With respect to the claims of intentional interference against Wilk and Young, the motion judge recognized that an at-will employee has a protectable interest in her job and that a co-employee's malicious interference with that employment relationship is actionable. However, the judge concluded that plaintiff's fifth count was insufficient as pled to state the cause of action. The fifth count of plaintiff's second amended complaint read as follows:

Plaintiff repeats the allegations of the previous counts of the Complaint and incorporates same herein by reference and further says:

1. Plaintiff contends that in December 1994, the plaintiff was in the employ of North Brunswick UAW Housing Associates, a limited partnership, New Brunswick UAW Associates, a limited partnership, and Irvington UAW Associates, a limited partnership as a property manager.

2. Plaintiff contends that at all relevant times, the defendants Joan Wilk and Katherine Young were employed by the defendant Region Nine Housing Corporation.

3. Plaintiff contends that the defendants, Wilk and Young or either of them individually or in conspiracy with one another, or both, wrongfully interfered with the Plaintiff's contractual relationship with her employers by inducing her employers to terminate her services based upon allegations of inadequate or improper performance.

4. Plaintiff contends that the allegations of inadequate or improper performance were established in order to provide employment for the husband of Catherine Young, Bill Young, who was also the son in law of Joan Wilk.

5. Plaintiff contends that at all relevant times, the defendants criticisms of the plaintiff's performance were based upon their intention to create a frame work for the termination of the plaintiff's services in order to provide employment for the said Bill Young.

6. Plaintiff contends that at all relevant times, the defendants Joan Wilk and Catherine Young acted as agents, servants, or employees of Region Nine Housing Corp.

Wherefore Plaintiff demands judgment on this count of the complaint against Joan Wilk, Catherine Young, and Region Nine Housing Corp., as a result thereof, for damages, together with interest, and attorney fees.

The elements of the cause of action are (1) a protected interest, not necessarily amounting to an enforceable contract; (2) defendant's intentional interference without justification; (3) a reasonable likelihood that the benefit plaintiff anticipated from the protected interest would have continued but for the interference; and (4) resulting damage. *See Printing Mart–Morristown v. Sharp Electronics, supra,* 116 *N.J.* at 751–52, 563 *A.*2d 31. Whether the tort is denominated as an intentional interference with contractual advantage, or future economic advantage, the import is the same. *See e.g., Tynan v. General Motors Corp.,* 248 *N.J.Super.* 654, 670–71, 591 *A.*2d 1024 (App.Div.), *certif. denied,* 127 *N.J.* 548, 606 *A.*2d 362 (1991) (as to unanimous portion of judgment), *judgment rev'd in part on other grounds,* 127 *N.J.* 269, 604 *A.*2d 99 (1992) (as to subject of partial dissent).

Plaintiff alleged an employment relationship, an unjustifiable interference with that relationship, resulting damage, and the reasonable likelihood that the relationship would have continued but for the interference. Those are the elements of the tort. "[I]t is 'fundamental' to a cause of action for tortious interference with a prospective economic relationship that the claim be directed against defendants who are not parties to the relationship." *Printing Mart–Morristown, supra,* 116 *N.J.* at 752, 563 *A.*2d 31. Defendant Wilk and Young were not parties to plaintiff's employment relationship and indeed were employed by a separate entity. While plaintiff had no enforceable two-year employment contract, she alleged a reasonable likelihood that her job would have continued but for Wilk's and Young's unjustified interference. It was therefore error to dismiss, and we reverse as to count five.

Count six alleged "wanton and gross conduct and such behavior as to subject defendant to punitive damages as to the allegations

set forth in the fifth count. . . ." It was premature to dismiss the punitive damages claim against Wilk and Young, and we reverse as to count six.

We affirm summary judgment on the first and third counts. We reverse summary judgment on the second, fourth, fifth and sixth counts and remand those counts to the trial court for further proceedings consistent herewith.