933 So.2d 233 (2006)
Gerard MENDONCA
v.
TIDEWATER INC.
No. 2005-CA-1166.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 2006.
Rehearing Denied June 30, 2006.
Gerard Mendonca, New South Wales, Australia, In Proper Person, Plaintiff/Appellant.
Walter W. Christy, Renee C. Gluth, Frilot, Partidge, Kohnke & Clements, L.C., *234 New Orleans, Louisiana, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge TERRI F. LOVE, Judge LEON A. CANNIZZARO, JR.).
JAMES F. McKAY III, Judge.
The plaintiff, Gerard Mendonca, a citizen of India currently residing in Australia, brought a suit against the defendant, Tidewater Inc., alleging that he was an employee of Tidewater and that Tidewater wrongfully discharged him due to race discrimination, retaliation for whistle-blowing, breach of contract, and/or negligence or intentional tort, all in violation of Louisiana law. Due to Tidewater's peremptory exception of no right of action previously filed in this case, Mr. Mendonca's sole remaining claim against Tidewater was for the intentional tort of interference with contract.[1] After the parties had proceeded with discovery, Tidewater filed a motion for summary judgment asserting that Mr. Mendonca lacked any evidence to establish the existence of a limited contract or a legally protected interest between him and his employer (a necessary element to maintain a claim for intentional interference with contract under the seminal case of 9 to 5 Fashions, Inc. v. Spurney, 538 So.2d 228 (La.1989)). The trial court granted Tidewater's motion for summary judgment and Mr. Mendonca now appeals.
The issue before this Court is whether Tidewater's motion for summary judgment was properly granted.
A motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B). This article was amended in 1996 to provide that "summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. art. 966(A)(2). In 1997, the article was further amended to specifically alter the burden of proof in summary judgment proceedings as follows: The burden of proof remains with the movant. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2); Shelton v. Standard /700 Associates, XXXX-XXXX (La.10/16/01), 798 So.2d 60.
In the instant case, Mr. Mendonca was an at-will employee of Al Wasl Marine and there was no contract with a term between Mr. Mendonca and Al Wasl Marine. While it was undisputed that Mr. Mendonca had an employment contract with Al Wasl Marine, that contract did not contain a fixed term of employment. Instead, the contract stated that his employment would be "unlimited" and therefore Mr. Mendonca was an employee at-will, with no legally protected interest in his employment. Mr. Mendonca argues that the motion for summary judgment should have been denied due to the "law of the case" doctrine, or alternatively, because Richard Currence verbally modified his "at-will" employment with Al Wasl Marine by promising him six years of work with Al Wasl Marine.
In discovery and in opposition to the summary judgment motion, Mr. Mendonca never submitted any written evidence of a contract specifying a term for his employment with Al Wasl Marine; instead, Mr. Mendonca repeatedly argued that Richard *235 Currence verbally promised him a guarantee of six years of employment with Al Wasl Marine. In response, Tidewater asserted that an oral promise is insufficient to modify a written employment contract. Tidewater asserted that under Louisiana Civil Code Article 3538, the laws of Dubai, U.A.E. apply to analyze whether a written contract can be modified by an oral promise. Tidewater attached the original affidavit of an attorney practicing in Dubai, Ibrahim Elsadig, along with the Dubai, U.A.E. statute to prove that under the laws of Dubai, U.A.E., a written contract can only be modified by another written agreement or contract, not by a verbal promise. Mr. Mendonca offered nothing to dispute Tidewater's assertion.
Based on the record before this Court, there is no evidence that a limited duration contract or a legally protected interest existed between Mr. Mendonca and Al Wasl Marine. As such, Mr. Mendonca cannot satisfy the required elements to maintain a claim for intentional tortious interference with contract under 9 to 5 Fashions, Inc. v. Spurney 538 So.2d 228 (La.1989). Because Mr. Mendonca cannot satisfy this evidentiary burden, there is no genuine issue of material fact. Accordingly, summary judgment was proper.
For the foregoing reasons, the trial court's granting of the defendant's motion for summary judgment is affirmed.
AFFIRMED.
NOTES
[1] For a more detailed description of the factual and procedural history of this case, see Mendonca v. Tidewater Inc., XXXX-XXXX (La. App. 4 Cir. 12/17/03), 862 So.2d 505.