J-E01001-21

2021 PA Super 185

| CARA SALSBERG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONNA MANN AND DREXEL | : | No. 623 EDA 2019 |
| UNIVERSITY | : | |

Appeal from the Order Entered January 17, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 170603584

BEFORE: PANELLA, P.J., BENDER, P.J.E., LAZARUS, J., STABILE, J., DUBOW, J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., and KING, J.

OPINION BY PANELLA, P.J.: **FILED SEPTEMBER 15, 2021**

Cara Salsberg appeals from the order entered in the Philadelphia County Court of Common Pleas, granting summary judgment in favor of Donna Mann and Drexel University. On appeal, Salsberg contends that the trial court erred in granting judgment as a matter of law on her claim for intentional interference with her at-will employment contract. We affirm.

Salsberg was hired by Drexel University as a tax accountant in the Office of Tax Compliance, where she worked under the supervision of Mann. During the course of her employment, Salsberg received mostly positive performance reviews from Mann. Salsberg's performance reviews often indicated that she either met or exceeded expectations. As a result, Salsberg was promoted to tax compliance manager.

Shortly thereafter, the professional relationship between Salsberg and Mann began to deteriorate. The parties dispute the reasons for, and the circumstances of, this deterioration. Mann claims that Salsberg failed to perform like a salary exempt manager, whereas Salsberg contends that Mann's erratic workplace behavior was responsible for the breakdown in their professional relationship.

In the end, Mann and Human Resources collectively decided that terminating Salsberg was the best course of action for the University. Mann and a representative from Human Resources summoned Salsberg to a meeting. At this meeting, Salsberg was notified of Drexel's decision to terminate her employment because of deficient job performance.

Following her discharge, Salsberg filed suit against Donna Mann and Drexel University asserting three claims: (1) Mann had intentionally interfered with her contractual relations with Drexel (2) Drexel had breached an implied employment contract by firing her; and (3) both Drexel and Mann had intentionally inflicted emotional distress on her through this process. Mann and Drexel University filed a motion for summary judgment seeking the dismissal of all counts. The trial court ultimately granted the motion in its entirety and dismissed Salsberg's complaint with prejudice. This timely appeal followed.[1]

---

[1] The trial court did not order Salsberg to file a Pa.R.A.P. 1925(b) statement, but did issue a Pa.R.A.P. 1925(a) opinion.

On appeal, Salsberg's only issue challenges the trial court's grant of summary judgment on her intentional interference claim. **See** Appellant's Brief at 5.

We review the grant of summary judgment to determine whether the court erred in concluding the record indicates the moving party is entitled to judgment as a matter of law:

> In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we review the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is de novo.
>
> [Therefore], our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

**Gerber v. Piergrossi**, 142 A.3d 854, 858 (Pa. Super. 2016) (citation omitted).

As an initial matter, we note that Drexel University classified Salsberg as an at-will employee. Neither party disputes this fact. The parties, however, disagree as to whether Salsberg's status as an at-will employee provides her

- 3 -

with a claim against Mann for intentional interference with Salsberg's employment contract with Drexel.

Salsberg argues an at-will employment relationship does not defeat a claim of intentional interference with that existing employment. **See** Appellant's Brief at 10. She contends that a claim of intentional interference is cognizable under Pennsylvania law, even though the contract in issue is terminable at the will of the parties. **See id**. To support her argument, Salsberg relies on the Restatement (Second) of Torts § 766 and federal district court decisions. Salsberg asserts that section 766 of the Restatement and federal case law permits an action for intentional interference with the performance of an at-will employment contract. **See id**., at 13-14.

In contrast, Mann argues that Pennsylvania law does not recognize Salsberg's claim for intentional interference with contractual relations. **See** Appellee's Brief at 14. Salsberg had an existing at-will employment relationship with the University; therefore, Mann contends Salsberg's claim for intentional interference with a presently existing at-will relationship does not fit within the scope of this cause-of-action. **See id**., at 16. Furthermore, Mann asserts that Pennsylvania courts, as well as federal courts applying Pennsylvania law, routinely reject claims based on alleged interference with an existing at-will employment relationship. **See id**., at 19-20.

Our Supreme Court adopted the Restatement (Second) of Torts § 766 in **Adler, Barish, Daniels, Levin and Creskoff v. Epstein**, 393 A.2d 1175,

1182 (Pa. 1978). Section 766 of the Restatement defines the tort of intentional interference with existing contractual relations and provides:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

Rest. (2d) of Torts § 766.

To state a cause of action for intentional interference with contractual relations, a plaintiff must prove the following elements:

> (1) the existence of a contractual relationship between the complainant and a third party;
>
> (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship;
>
> (3) the absence of privilege or justification on the part of the defendant; and
>
> (4) the occasioning of actual damage as a result of defendant's conduct.

***Phillips v. Selig***, 959 A.2d 420, 429 (Pa. Super. 2008) (quoting Rest. (2d) of Torts § 766).

Here, as noted above, Salsberg's argument relies primarily on § 766 of the Restatement. She claims that the Restatement "does not restrict its application to contracts of a certain kind, nor does it ever state that at-will contracts are excluded from the coverage of § 766." Appellant's Brief at 14. For that reason, Salsberg contends that there is no question that § 766 of the

Restatement allows her to assert an action against Mann for intentional interference with her existing at-will employment contract. *See id*.

While we agree with Salsberg's assertions regarding the application of section 766 to at-will employment contracts, we also recognize that Salsberg overlooks the one crucial factor which goes to the heart of the instant appeal. That is, a section 766 claim under existing Pennsylvania law applies only to prospective at-will employment contracts, not existing ones.

This Court's decision in *Hennessey v. Santiago*, 708 A.2d 1269, 1279 (Pa. Super. 1998) has been recognized as the controlling precedent on the availability of a § 766 claim for an at-will employee. *See Haun v. Cmty. Health Sys.*, 13 A.3d 120, 125 n.1 (Pa. Super. 2011). In *Hennessy*, a former at-will employee filed suit against her employer for wrongful discharge. The former employee's complaint also included a claim against a third-party for interfering with her at-will employment relationship. The *Hennessy* Court held that "an action for intentional interference with performance of a contract in the employment context applies only to interference with a prospective employment relationship whether at-will or not, not a presently existing at-will employment relationship." *Id*., at 1279.

Pennsylvania law distinguishes between claims for intentional interference with prospective contractual relationships and existing contractual relationships. As the respective names indicate, the primary distinction between these torts lies in the first element. In distinction from a

claim for interference with an existing contract, a claim for interference with a prospective contractual relationship requires merely a showing of the probability of a future contractual relationship. ***See Thompson Coal Co. v. Pike Coal Co.***412 A.2d 466, 471 (Pa. 1979).

Defining a prospective contractual relationship, however, is admittedly problematic because the term has an evasive quality. ***See Phillips***, 959 A.2d at 428. Unlike an existing contractual relationship, a prospective contractual relationship "is something less than a contractual right, something more than a mere hope." ***Thompson Coal Co.,*** 412 A.2d at 471. "[A]nything that is prospective in nature is necessarily uncertain." ***Glenn v. Point Park College***, 272 A.2d 895, 898-99 (Pa. 1971).

In this case, there was nothing prospective about Salsberg's employment relationship with Drexel. Salsberg had an existing at-will employment contract, limited by implied terms. Without much explanation, ***Hennessey*** held that this difference was critical; relief could be available for interference with a prospective at-will relationship, but not for interference with an existing at-will relationship.[2]

Although Salsberg does not explicitly challenge this Court's holding in ***Hennessy***, her argument, in essence, asks us to overturn that panel's

---

[2] Whatever the impact of our reasoning is, it is undoubtedly true that this appeal does not concern a claim of interference with prospective contractual relationships.

decision.[3] In implicitly arguing for overruling **Hennessy**, Salsberg contends that the plain language of § 766 envisioned the type of claim at issue in this appeal. **See** Appellant's Brief at 17.

The problem with Salsberg's argument, however, is that any expectation of continued at-will employment is nothing more than a mere hope: "In Pennsylvania, absent a statutory or contractual provision to the contrary, either party may terminate an employment relationship for any or no reason." **Mikhail v. Pa. Org. for Women in Early Recovery**, 63 A.3d 313, 316 (Pa. Super. 2013) (citation omitted).

Salsberg was an at-will employee in Drexel's Office of Tax Compliance. Because an at-will employee may be discharged at any time, for any reason, or for no reason, Salsberg did not have any reasonable expectation of continued employment guaranteed by contract. **See Deal v. Children's Hospital of Philadelphia**, 223 A.3d 705, 712 (Pa. Super. 2019) (observing that an at-will employee may be fired at any time even for no reason). Our Supreme Court has stated: "[There is] no common law cause of action against an employer for termination of an at-will employment relationship." **McLaughlin v. Gastrointestinal Specialists, Inc.**, 750 A.2d 283, 287 (Pa. 2000). However, the Supreme Court noted that there are exceptions to this

---

[3] "It is well settled that this Court, sitting **en banc**, may overrule the decision of a three-judge panel of this Court." **In re Adoption of K.M.G.**, 219 A.3d 662, 666 n.1 (Pa. Super. 2019) (citation omitted).

general rule but in "only the most limited of circumstances, where discharges of at-will employees would threaten clear mandates of public policy." ***Weaver v. Harpster***, 975 A.2d 555, 562-63 (Pa. 2009), citing ***Clay v. Advanced Computer Applications, Inc.***, 559 A.2d 917, 918 (Pa. 1989). Clearly, the Supreme Court wishes to limit the impact of tort law on at-will employment.

While Pennsylvania law provides a remedy for interference with expectations that are "something less than a contractual right," it does not provide a remedy where those expectations are a "mere hope." ***Thompson Coal Co.,*** 412 A.2d at 471. Therefore, while we recognize the tension in ***Hennessy's*** explicit reasoning, we nevertheless conclude that Salsberg failed to state a cognizable claim for intentional interference with existing contractual relations.

As a result, we decline to overturn ***Hennessey*** as it is consistent with current Supreme Court decisions and affirm the trial court's order dismissing Salsberg's complaint with prejudice.

Order affirmed.

Judges Bender, P. J. E., Lazarus, Nichols, Murray, and McLaughlin join the opinion.

Judge Stabile files a dissenting opinion in which Judges Dubow and King join.

J-E01001-21

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 9/15/2021*