J-E01001-21

2021 PA Super 185

| CARA SALSBERG | IN THE SUPERIOR COURT |
| | OF PENNSYLVANIA |

Appellee

v.

DONNA MANN AND DREXEL UNIVERSITY

Appellant                    No. 623 EDA 2019

Appeal from the Order Entered January 17, 2019
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 170603584

BEFORE: PANELLA, P.J., BENDER, P.J.E., LAZARUS, J., STABILE, J., DUBOW, J., NICHOLS, J., MURRAY, J., McLAUGHLIN, J., and KING, J.

DISSENTING OPINION BY STABILE, J.:          **FILED SEPTEMBER 15, 2021**

I respectfully dissent, as I would conclude that Pennsylvania law recognizes an action for intentional interference with an at-will employment contract and that a genuine issue of material fact exists as to that cause of action in this matter.

In **Adler, Barish, Daniels, Levin and Creskoff v. Epstein**, 393 A.2d 1175, 1183 (Pa. 1978), our Supreme Court adopted in its entirety § 766 of the Restatement (Second) of Torts. That section, titled "Intentional Interference with Performance of Contract by Third Person", provides:

> One who intentionally and improperly interferes with the performance of a contract (except a contract to marry) between another and a third person by inducing or otherwise causing the third person not to perform the contract, is subject to liability to the other for the pecuniary loss resulting to the other from the failure of the third person to perform the contract.

Restatement (Second) of Torts § 766 (1979). Section 766 expressly and unambiguously applies to contracts terminable at-will:

> *Contracts terminable at-will.* A similar situation exists with a contract that, by its terms or otherwise, permits the third person to terminate the agreement at-will. Until he has so terminated it, the contract is valid and subsisting, and the defendant may not improperly interfere with it. The fact that the contract is terminable at-will, however, is to be taken into account in determining the damages that the plaintiff has suffered by reason of its breach.

Restatement (Second) of Torts § 766, cmt. g (1979).

Appellant, Cara Salsberg, alleges that Appellee Donna Mann intentionally and improperly interfered with Appellant's at-will employment contract with Appellee Drexel University. In affiming the trial court's ruling that Appellant has no viable cause of action under § 766, the Majority cites *Haun v. Community Health Sys., Inc.*, 14 A.3d 120 (Pa. Super. 2011), and *Hennessy v. Santiago*, 708 A.2d 1269 (Pa. Super. 1996). In both cases, this Court held that Pennsylvania recognizes intentional interference under § 766 with respect to prospective, but not existing, at-will employment relationships. As then-Judge Mundy noted in her dissent in *Haun*, both *Haun* and *Hennessy* are in tension with this Court's earlier opinion in *Curran v. Children's Serv. Ctr. of Wyoming Cty., Inc.*, 578 A.2d 8, 13 (Pa. Super. 1990), in which we held that "a cause of action for intentional interference

with a contractual relationship may be sustained even though the employment relationship is at-will." **Haun**, 14 A.3d at 126 (Mundy, J. dissenting).[1]

Because this Court's prior jurisprudence is inconsistent, I believe this *en banc* panel should revisit **Haun** and **Hennessy**.  And because **Haun** and **Hennessy** are inconsistent with the language of § 766, as adopted by our Supreme Court in **Adler**, I would overrule both.  "[T]his Court is obligated to follow the precedent set down by our Supreme Court.  It is not the prerogative of [this Court] to enunciate new precepts of law[.]" **Lance v. Wyeth**, 4 A.3d 160, 169 (Pa. Super. 2010) (citing **Moses v. TNT Red Star Express**, 725 A.2d 792, 801 (Pa. Super. 1999), **appeal denied**, 739 A.2d 1058 (Pa. 1999)), **reversed in part on other grounds**, 85 A.3d 434 (Pa. 2014); **Haun**, 14 A.3d at 127 (Mundy, J. dissenting).  In restricting the application of § 766 to prospective at-will employment contracts, the **Haun** and **Hennessy** Courts adopt a precept of law with no support in the language of § 766 and contrary to that of comment g.  The Majority also adopts an approach contrary to the weight of authority from the United States Supreme Court and many other states.

The United States Supreme Court addressed this issue more than a century ago:

---

[1]  The **Curran** Court affirmed summary judgment in favor of the defendant because the plaintiff failed to identify a third party against whom the § 766 action could lie.  **Curran**, 578 A.2d at 13.

> It is said that the bill does not show employment for a term, and that under an employment at-will the complainant could be discharged at any time, for any reason or for no reason, the motive of the employer being immaterial. The conclusion, however, that is sought to be drawn is too broad. The fact that the employment is at the will of the parties, respectively, does not make it one at the will of others. The employee has manifest interest in the freedom of the employer to exercise his judgment without illegal interference or compulsion and, by the weight of authority, the unjustified interference of third persons is actionable although the employment is at-will.

*Truax v. Reich*, 239 U.S. 33, 38 (1915).

Appellant has alleged unjustified interference of a third person with her existing at-will employment contract—in this case Mann acting outside the scope of her employment—and the weight of authority remains in favor of allowing a cause of action in these circumstances. *E.g.*, *Hall v. Integon Life Ins. Co.*, 454 So.2d 1338, 1344 (Ala. 1984); *Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1041-44 (Ariz. 1985) (superseded in part by statute on other grounds as stated in *Galati v. America West Airlines, Inc.*, 69 P.3d 1011, 1013 (Ariz. Ct. App. 2003)); *Ixchel Pharma, LLC v. Biogen, Inc.*, 470 P.3d 571, 580 (Cal. 2020); *Unistar Corp. v. Child*, 415 So.2d 733, 734 (Fla. Dist. Ct. App. 1982);[2] *Guinn v. Applied Composites Eng'g, Inc.*, 994 N.E.2d 1256, 1267 (Ind. 2013); *RTL Dist., Inc. v. Double S Batteries,*

---

[2] Florida federal courts have held, without citing state court precedent, that at-will employment cannot be the basis for intentional interference with a contract. *Scelta v. Delicatessen Support Serv., Inc.*, 57 F.Supp.2d 1327, 1356 (M.D. Fla. 1999) (citing *Weld v. Southeaster Cos., Inc.*, 10 F.Supp.2d 1318, 1322 n.8 (M.D.Fla 1998)).

***Inc.***, 545 N.W.2d 587, 590 (Iowa Ct. App. 1996) ***Health Call of Detroit v. Atrium Home & Health Care Servs., Inc.***, 706 N.W.2d 843, 849-50 (Mich. Ct. App. 2005) (quoting ***Feaheny, v. Caldwell***, 437 N.W.2d 358, 363-64 (Mich. Ct. App. 1989)); ***Nordling v. Northern States Power Co.***, 478 N.W.2d 498, 505 (Minn. 1991); ***Levens v. Campbell***, 733 So.2d 753, 760 (Miss. 1999); ***Topper v. Midwest Div., Inc.***, 306 S.W.3d 117, 125-26 (Mo. Ct. App. 2010); ***Bloch v. The Paul Revere Life Ins. Co.***, 547 S.E.2d 51, 59 (N.C. Ct. App. 2001), ***review denied***, 553 S.E.2d 35 (N.C. 2001); ***Jenkins v. Region Nine Housing Corp.***, 703 A.2d 664, 667 (N.J. Super. Ct. App. Div. 1997), ***certification denied***, 709 A.2d 798 (N.J. 1998); ***McNickle v. Phillips Petroleum Co.***, 23 P.3d 949, 951 (Okla. Civ. App. 1999); ***Lewis v. Oregon Beauty Supply Co.***, 733 P.2d 430, 433 (Or. 1987); ***Forrester v. Stockstill***, 869 S.W.2d 328, 330 (Tenn. 1994); ***Trepanier v. Getting Organized, Inc.***, 583 A.2d 583, 589 (Vt. 1990); ***Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.***, 279 N.W.2d 493, 496 (Wis. Ct. App. 1979).

These courts continue to employ a rationale like that expressed by the United States Supreme Court in ***Truax***. "A third party's interference with contracts terminable at-will is actionable, because, until one of the contracting parties terminates the contract, the parties are in a subsisting relation that presumably will continue and is of value to the plaintiff." ***Topper***, 306 S.W.3d at 125. Similarly, in ***Bochnowski***, the Indiana Supreme Court reasoned, "[a]n employee with an at-will employment contract must be able to expect

that his continued employment depends on the will of his employer and not upon the whim of a third party interferer." **Bochnowski**, 571 N.E.2d at 285. Minnesota employs the same rationale: "The at-will employment subsists at the will of the employer and employee, not at the will of a third party meddler who wrongfully interferes with the contractual relations of others." **Nordling**, 478 N.W.2d at 505. This approach is consistent with comment g of § 766 as adopted in full by the Pennsylvania Supreme Court. **Haun** and **Hennessy**, without explanation, declined to follow § 766 and adopted the minority approach[3] to this issue.

_____

[3] Some jurisdictions forbid a cause of action for tortious interference with at-will employment. **E.g. Thornton v. Kaplan**, 937 F. Supp. 1441,1458 (D. Colo. 1996); **Dorricot v. Fairhill Ctr. for Aging**, 2 F. Supp. 2d 982, 991 (N.D. Ohio 1998); **Matter of Williams v. Cty. of Genesee**, 762 N.Y.S.2d 724 (N.Y. App. Div. 2003); **Mendonca v. Tidewater, Inc.**, 933 So.2d 233, 235 (La. Ct. App. 933 2006), **writ denied**, 939 So.2d 1280 (La. 2006), **cert. denied** 549 U.S. 1309 (2007); **Evergreen Moneysource Mortg. Co. v. Shannon**, 2874 P.3d 375, 383 (Wash. App. 2012); **Anderson v. South Lincoln Special Cemetery Dist.**, 972 P.2d 136, 141 (Wyo. 1999).

Some jurisdictions have conflicting authority on point. **Compare Bible Way Church of Our Lord Jesus Christ of Apostolic Faith of Washington, D.C. v. Beards**, 680 A.2d 419, 433 (D.C. 1996) (finding no basis for a tortious interference with contract claim arising from at-will employment); **with Sorrells v. Garfinckel's**, 565 A.2d 285, 288-91 (D.C. 1989) (allowing a cause of action for intentional interference with contract where the defendant, acting within the scope of her employment but with malice, caused the at-will plaintiff's termination); **compare Champion v. Wright**, 740 S.W.2d 848, 854 (Tex. App. 1987) (finding no reason to disallow actions for interference with at-will employment) **with Cote v. Rivera**, 894 S.W.2d 536, 542 (Tex. Ct. App. 1995) (holding that tortious interference with a contract depends on the existence of a valid contract, and that he at-will employee plaintiff had no contract); **compare Champion v. Wright**, 740 S.W.2d 848, 854 (Tex. App.
*(Footnote Continued Next Page)*

I believe **Haun** and **Hennessy** were erroneous, as at-will employment clearly is contractual. That is, the employee continues to work and is entitled to be compensated for work performed until termination of the employment. Under § 766, the at-will employee is to be free of third-party interference with his or her employment.

> The gravamen of the tort is interference with the employment contract **irrespective of the term of that contract**. [Comment g of § 766] also maintains that a contract terminable at will is nonetheless a valid and subsisting contract for purposes of an interference with contract tort cause of action; and thus one cannot improperly interfere with it.

Frank J. Cavico, *Tortious Interference With Contract in the At-Will Employment Context*, 79 U. DET. MERCY L. REV. 503, 511 (2002) (emphasis added; footnotes and internal quotation marks omitted). Given the plain teaching of § 766 on

---

1987) (holding that employment at-will can be subject to tortious interference claims) **with Salazar v. Amigos Del Valle, Inc.**, 754 S.W.2d 410, 414 (Tex. Ct. App. 1988) (holding that a third party's effort to induce an at-will employee to leave his employer does not constitute tortious interference).

Virginia employs a somewhat stricter test, requiring the third-party defendant to employ "improper methods," such as "violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship." **Duggin v. Adams**, 360 S.E.2d 832, 836 (Va. 1987). Illinois holds that an at-will employee may allege a cause of action for interference with a prospective economic advantage, but not a cause of action for intentional interference with a contractual relationship. **Canel and Hale, Ltd. v. Tobin**, 710 N.E.2d 861, 871 (Ill. Ct. App. 1999), **appeal denied**, 720 N.E.2d 1090 (Ill. 1999).

For a thorough collection of case law on this issue, **see** 2 Callman on Unfair Competition, Trademarks and Monopolies, (4th ed., June 2021 update) § 9:12.

the issue before us, I believe the Majority's continued adherence to **Haun** and **Hennessy** is misguided.

Further the Majority's reliance on **Weaver v. Harpster**, 975 A.2d 555 (Pa. 2009) and **McLaughlin v. Gastrointestinal Spec.**, 750 A.2d 283 (Pa. 2000) for the proposition that our Supreme Court "wishes to limit the impact of tort law on at-will employment," is misguided. Majority Opinion, at 9. **McLaughlin** and **Weaver** were wrongful discharge cases. Both cases concern the significant limitations on the ability of at-will employees to sue their former employers for wrongful termination. Those concerns do not apply here. A cause of action under § 766 does not arise against the plaintiff's former employer, but against a third party who allegedly interfered with the plaintiff's at-will employment. The third party is either a stranger to the employment contract[4] or, as here, another employee who allegedly acted outside the scope of his or her employment in interfering with the plaintiff's at-will employment. The reason for the approach in § 766 and in many states is that "the contract, even if at-will, is nonetheless a subsisting, protectable relationship, of value to the parties thereto, and presumed to continue in effect until properly terminated." Cavico, **supra**, at 512.

---

[4] Salsberg argues that her actions in this case were privileged, as she was acting within the scope of her employment as Appellant's superior. The trial court did not address that issue, instead finding that a cause of action under § 766 was not available to Appellant as an at-will employee. I would reverse the trial court as to the availability of a cause of action under § 766 and remand for the court to address the privilege issue in the first instance.

- 8 -

> At-will employees possess a reasonable, though unenforceable, expectation of continued employment at an employer's firm absent tortious interference with that employment by another individual, business, or entity. The true issue […] is not whether a plaintiff is attempting to evade the at-will doctrine, but rather whether a plaintiff properly is seeking to hold an interfering defendant liable for infecting a healthy employment relationship. The result of such reasoning […] is that for those employees who toil without the benefits and burdens of an employment contract, tortious interference … provides a means whereby the court will treat the at-will relationship as something akin to property.

*Id.* (footnotes and internal quotation marks omitted).

In summary, I believe a cause of action under § 766 protects the Appellant's **existing** employment relationship (as opposed to a prospective relationships, as per **Haun** and **Hennessy**) from third-party interference. I would therefore overrule **Haun** and **Hennessy**, reverse the order entering summary judgment, and remand for further proceedings.

I respectfully dissent.

Judge Dubow and Judge King join the Dissenting Opinion.